LASTER *v*. PRUNISKI.

5-1484                              306 S. W. 2d 123

Opinion delivered October 28, 1957.

*Dave E. Witt* and *Kenneth Coffelt,* for appellant.

*J. Frank Holt,* Prosecuting Atty., and *Eugene R. Warren,* for appellee.

J. SEABORN HOLT, Associate Justice. The facts in this case appear not to be in dispute. On December 31, 1956 Judge Murray O. Reed, the then Judge of the Little Rock Municipal Court, Second Division, resigned which

created a vacancy in the office. January 2, 1957 the Governor of Arkansas appointed John L. Sullivan to succeed Reed. This was more than nine months prior to the next general election, and on the same date the practicing attorneys in attendance on that Court attempted to elect Sullivan for Reed's unexpired term. On September 23, 1957 the Governor reappointed Judge Sullivan and on September 30, 1957 the attending attorneys again attempted to elect him. September 21, 1957 appellant, R. W. Laster, delivered in apt time to the Pulaski County Election Commissioners a proper petition nominating himself as an independent candidate for this office in question. It appears that no primary had been held and no election notice had been issued. The Board of Commissioners refused to certify the name of appellant so his name could be placed on the ballot for the alleged reason that November 5, 1957 was not the legal or proper date for the election of a judge to the office in question. Appellant then sought a Writ of Mandamus to force the commissioners to place his name on the ballot. John L. Sullivan intervened. A hearing resulted in an order denying this writ and this appeal followed.

The Second Division of Little Rock Municipal Court was created by Act 49 of 1951, which Act became effective February 8, 1951 and contains these provisions:

(1) "Section 1. Section 4 of Act 87 of the Acts of 1915, as amended by Section 1 of Act 312 of the Acts of 1919 is hereby amended to read as follows: 'Section 4 . . . Immediately after the effective date of this act, the Governor shall appoint a Judge of the Second Division who shall hold office until his successor is elected at the *next general municipal election* and installed according to law. Such appointee shall be ineligible to succeed himself." (Italics our own)

(2) " 'The judgeship of each division is hereby declared to be a separate office; and at the *next general municipal election* each judge shall be elected for a 4 year term and shall take office at the time and in the manner provided by law . . .' " (Italics our own)

(3) "Section No. 3 of Act 49 of 1951 Acts of Arkansas amends Section No. 6 of 1915 Acts and provides: 'Whenever the office of judge of the Municipal Court is vacant and before a successor has qualified as such, or . . . , then the regular practicing attorneys in attendance on such court may, on notice from the clerk of said court, elect a judge to preside at such court, . . .; but his authority shall cease after final judgment in the particular cause in the trial of which he is at the time engaged upon the qualification of a successor to the regular judge in the case of vacancy in office of the latter, . . .' "

(4) Section 6 of this act provides: "All laws and parts of laws in conflict herewith are hereby repealed."

This Act 49 was passed by three-fourths majority of each House of the Legislature so this act would in fact repeal any part of initiated Act 2 of 1926 in conflict with this Act 49 in so far as such initiated act affected the election of judges of municipal courts.

Appellant earnestly contends that, "The only question to be determined by this court is whether or not the coming general municipal election on November 5, 1957 is the proper year to hold a general municipal election to fill a vacancy in the office of the Little Rock Municipal Court." He earnestly contends that the vacancy should be filled at the first general election held more than six months after the vacancy occurred which would be November 5, 1957, an odd number year and not an even number year as contended by appellees. As strongly indicating that the legislature intended that the election should be held at the *next general municipal election,* which was in 1951, is the fact that Act 49 of 1951 when first introduced read: "At the next general election." It was called back by the senate and the word *municipal* inserted between general and election and as so amended, was enacted into law. We think it was clearly the intention of the legislature to fix the date in odd numbered years for the election of municipal court judges in the Act here involved.

Appellee contends that the provision in Act 49 of 1951 as to *"General Municipal Election"* was impliedly repealed by Act 8 of 1957, being the City Manager Act. The fact that Little Rock is to vote for directors under the city management plan on November 5, 1957 does not prevent that day from also being the day for the "General Municipal Election" as provided by Act 49 of 1951. In other words, the Act 8 of 1957 does not accomplish the repeal by implication as urged by appellee.

We have reached the conclusion that appellant's contention should be sustained. Article 7 of the Constitution of Arkansas provides for the creation of Municipal Corporation Courts and Section 50 of the Article provides: "All vacancies occurring in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in . . . other offices nine months before the next general election, such vacancies shall be filled by appointment by the Governor." In *Means* v. *Terral,* 145 Ark. 443, 225 S. W. 601, in construing the above Article of the Constitution it was said: ". . . An election by the people to fill a vacancy, whether at a special election or at the succeeding general election, is for the unexpired term, but, as before stated, any appointment made by the Governor is, under the Constitution, temporary . . . The words 'next general election,' could not reasonably be construed to mean the general election at the expiration of the term, . . ."

Municipal elections, under the Act of March 9, 1875, No. 1, Section 51, now Ark. Stats. § 19-1002, provided for the election of one Mayor, one Alderman from each Ward, one Police Judge, etc., should be held on the first Tuesday in April, 1875 and every two years thereafter, or in every odd year. The section provides, "The qualified voters of cities of the first class, 'shall, on the first Tuesday . . . in April, in the year 1875, and (on the Tuesday following the first Monday in November) every two (2) years thereafter, elect one (1) Mayor, and two (2) Aldermen (at the first election only) from each ward, as members of the City Council, one (1) City

Treasurer and one (1) Police Judge, all of whom, except the Aldermen, shall hold their offices for the term of two (2) years, and until their successors are elected and qualified, and shall have such powers and perform such duties as are required by this act, or may be prescribed by any ordinance of the city not inconsistent with this act, and which may not be incompatible with the nature of their respective offices."

Municipal elections have been held under this Act in odd number years on through 1955. We hold, therefore, that a vacancy exists in the office of Judge of the Little Rock Municipal Court, Second Division, that November 5, 1957 is a General Municipal Election date on which the unexpired term of Judge Reed should be filled and that November 5, 1957 is the first General Municipal Election following the vacancy. Accordingly, the judgment is reversed and the cause remanded with directions to grant the prayer of appellant's petition. An immediate mandate is ordered by this Court.

WARD, J., concurs.

ROBINSON, J., not participating.