## JOHNSON COUNTY BOARD OF ELECTION COMMISSIONERS *v.* J. Marvin HOLMAN

83-89                                        655 S.W.2d 408

Supreme Court of Arkansas
Opinion delivered July 11, 1983
[Rehearing denied September 12, 1983.]

*Steve Clark*, Atty. Gen., by: *E. Jeffrey Story*, Asst. Atty. Gen., for appellant.

*Jeff Mobley*, for appellee.

GEORGE ROSE SMITH, Justice. When a vacancy occurs in the office of municipal judge more than nine months before the next general election, and the governor fills the vacancy by appointment, is the appointee's successor to be chosen at a special election called by the governor or at the next general election? The trial judge took the latter view and accordingly held that the governor's proclamation calling a special election was void. We must disagree.

The case concerns the Clarksville Municipal Court, which the trial court correctly found to be a municipal office

even though the judge is elected by a county-wide vote, exercises county-wide jurisdiction, and is paid partly by the city and partly by the county. The appellee does not question that conclusion, which we need not examine in further detail.

As of January 1, 1983, a vacancy arose in the office of municipal judge by reason of the incumbent's resignation. On January 3 Governor White appointed the appellee, J. Marvin Holman, to the office and on January 8 issued a proclamation calling for a special election on March 8 to fill the vacancy. Holman then brought this action for a declaratory judgment, from which the County Board of Election Commissioners appeals. Our jurisdiction is under Rule 29 (1) (a).

The decisive question is whether Section 1 of Amendment 29 to the Arkansas Constitution, relating to the filling of vacancies in public offices in general, repealed *with respect to municipal courts* Section 50 of Article 7, relating to the filling of vacancies in offices authorized by Article 7, which created the judicial department of the state government.

Here are the two constitutional provisions in question:

Article 7, § 50: All vacancies occurring in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in county and township offices six months and in other offices nine months, before the next general election, such vacancies shall be filled by appointment of the Governor.

Amendment 29, § 1: Vacancies in the office of United States Senator, and in all elective state, district, circuit, county, and township offices except those of Lieutenant Governor, Member of the General Assembly and Representative in the Congress of the United States, shall be filled by appointment by the Governor. [Section 4 of Amendment 29 specified the term of the appointee.]

Since we must give effect to all the language in the Constitution, we find no difficulty in reconciling the two quoted provisions. Section 50, before the amendment, governed the filling of vacancies "in any office provided for in this article," which by its first section had already authorized the General Assembly to create municipal courts. Such courts were not covered by Amendment 29, which refers specifically and only to "elective state, district, circuit, county, and township offices." Thus the language of Amendment 29 is not all-inclusive — a fact we have recognized by holding that it does not include the elective office of school director. *Glover* v. *Henry*, 231 Ark. 111, 328 S.W.2d 382 (1959). This possible interpretation of the two sections is noted by the compiler of the Arkansas Statutes Annotated in the Notes to Section 1, Article 29, of the Constitution: "Since this section does not cover municipal officers, it would not have the effect of superseding Const., Art. 7, § 50 with respect to the municipal corporation courts provided for in Art. 7, § 1." Ark. Stat. Ann., Vol. 1, Supp. 1981. That compiler's note anticipated the precise question presented by this case.

In the case at bar the circuit judge based his decision on our sweeping statement that "Amendment 29 completely eliminated and superseded section 50 of Art. 7." *McCraw* v. *Pate,* 254 Ark. 357, 494 S.W.2d 94 (1973), cited in *Pulaski County Municipal Court* v. *Scott,* 272 Ark. 115, 612 S.W.2d 297 (1981). Our statement, however, must be considered in the context of its accompanying facts, which concerned the office of sheriff — unquestionably a county office falling within the language of Amendment 29, Section 1. The statement cannot be taken literally in a case involving a municipal judge. The appellee also argues that there is no statute under which a special election may be called, but that implementation of the Constitution is to be found in Ark. Stat. Ann. § 3-602 (Repl. 1976).

Reversed, the mandate to issue immediately.