The Honorable David S. Clinger Prosecuting Attorney Nineteenth Judicial District 100 Northeast A Street Bentonville, Arkansas 72712
Dear Mr. Clinger:
This is in response to your request for an option concerning a vacancy in the office of municipal judge. Specifically, you note that the elected municipal judge in Berryville resigned the position in late November 1990. The municipal judge-elect who was elected at the November 6, 1990 general election will take office in January.
You have also noted that A.C.A. 16-17-210 provides that when the office of municipal judge is vacant, attorneys who practice before that court may elect a special judge who shall be paid ten dollars for each day he holds court. Your question is whether the municipal judge-elect can be elected as special judge to sit for the remainder of the year (until he actually takes office in January) and receive the regular salary for the job and not just ten dollars a day.
The answer to your question is somewhat complex. It is my opinion that the municipal judge-elect cannot be elected by the attorneys under A.C.A. 16-17-210 and receive more than ten dollars per day. That statute is very clear in setting the ten dollar compensation limit. It is also clear in my opinion, however, that the municipal judge-elect could be elected at a special election of the voters under Arkansas Constitution, Art. 7, 50 and receive the regular salary for the job. There may be a question, however, as to whether the Governor could appoint the municipal judge-elect to serve until January, when he actually takes office. The relevant constitutional provision is Art. 7, 50, which provides as follows:
 All vacancies occurring in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in county and township offices six months and in other offices nine months, before the next general election, such vacancies shall be filled by appointment by the Governor.
This provision applies to municipal judgeships because they are provided for in Article 7. The provision requires vacancies in the office of municipal judge to be filled by special election, unless the vacancy occurs within nine months before a general election, in which case the Governor can appoint someone.
A literal reading of the provision above would require a special election for the municipal judge-elect to sit as the municipal judge from now until his term begins in January. Technically, since the former municipal judge resigned in late November, the vacancy did not occur within nine months before a general election. It occurred just after the 1990 general election and almost two years before the 1992 general election. If the vacancy did not occur within nine months before a general election, the Governor has no authority to appoint a municipal judge and a special election should be held. As was stated in Means v. Terral, 145 Ark. 443 (1920):
 It is clear that the framers of the Constitution. . . did not intend to confer any express authority upon the Governor to make an appointment, except where the vacancy occurred within nine months before the next general election, meaning the next election succeeding the occurrence of the vacancy.
145 Ark. at 447-448.
According to the language above, the Governor has no authority to fill the vacancy in this instance. The language of Art. 7, 50 requires a special election. It must be recognized, however, that the Arkansas Supreme Court has never been faced with a question under this provision involving a vacancy which occurred just after a general election, but before the newly elected judge took office. It may seem absurd to have a special election to elect a municipal judge to serve for roughly one month before the newly elected judge takes office. The whole purpose of Art. 7, 50 is to have offices filled in most cases by special election; but in the case of a vacancy occurring close to a general election, since the term of the vacancy will be very short, the Governor may simply appoint someone to fill the vacancy until the voters can elect a new judge at the general election. The reason behind the section is even more pronounced in the situation you have presented. Not only will the voters have an opportunity to select a new municipal judge shortly after the vacancy occurred, they have in fact already done so. He just has not yet taken office.
The problem arises because the vacancy occurred in that window period between the general election and the time the judge elected at the general election takes office. Whether a court would look behind the literal language of Art. 7, 50 and hold that in that instance the Governor does have the power of appointment is an open question.
Thus, in response to your question, the municipal judge-elect cannot be elected by the attorneys under A.C.A. 16-17-210 and receive more than the ten dollars per day allowed by that statute. He will be limited to ten dollars per day. It is clear, in my opinion that the municipal judge-elect could, pursuant to Art. 7, 50, be elected at a special election to fill the vacancy created until January, and he then could receive the regular compensation for the job. It seems, however, that the literal language of Art. 7, 50 prohibits the Governor from appointing him to the position because the vacancy did not occur within nine months before the next general election. A court, however, might make an exception and hold that in this instance the Governor does have the power of appointment. It is simply a question of first impression. We should note, finally, that in the event the Governor does appoint the municipal judge-elect to fill the vacancy, the judge still may succeed himself in January because the prohibition in Amendment 29 against persons appointed by the Governor succeeding themselves does not apply to municipal court judges. See, Johnson County Bd. of Election Commissioners v. Holman, 280 Ark. 128, 655 S.W.2d 408
(1983), and Opinion No. 86-392.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.