The Honorable Railey A. Steele State Representative Route 3, Box 52A Gentry, AR 72734-9305
Dear Representative Steele:
This is in response to your request for an opinion on several questions concerning a vacancy in a municipal judgeship. Your questions are set forth and answered below in the order posed.
 1. Should a municipal judge resign, is the unexpired term filled by appointment or election?
My research indicates that the answer to this question will depend upon the particular circumstances surrounding the vacancy. Because municipal judgeships are provided for in Article 7 of the Arkansas Constitution, Section 50 of Article 7 must be initially considered. This section states:
 All vacancies occurring in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in county and township offices six months and other offices nine months, before the next general election, such vacancies shall be filled by appointment by the Governor.
As a general matter, therefore, a vacancy in the office of municipal judge would be filled by special election, unless the vacancy occurred within nine months of the next general election, in which case the Governor would make an appointment.
Arkansas Code Annotated § 16-17-210 (1987) should, however, also be noted wherein it provides for the election of a special judge by the "regular practicing attorneys in attendance on the court" whenever the office of municipal judge is vacant and before a successor is selected and qualified. Subsection (a) of §16-17-210 states in pertinent part as follows:
 Whenever the office of the judge of a municipal court is vacant and before his successor has been selected and qualified . . . the regular practicing attorneys in attendance on the court may, on notice from the clerk of the court, elect a special judge to preside over the court.
While it appears that the practicing attorneys may avail themselves of this provision, it is my opinion that when read together with Article 7, § 50 of the Constitution, Section16-17-210 must be construed to authorize the attorneys' selection of a special judge who will serve until a successor is chosen either at a special election or by appointment by the Governor, depending upon when the vacancy occurred in relation to the next general election. See generally Laster v. Pruniski,228 Ark. 132, 306 S.W.2d 123 (1957) and Johnson Co. Election Comm'rsv. Holman, 280 Ark. 128, 655 S.W.2d 408 (1983).
Arkansas Code Annotated § 16-17-105 (1987) must also be considered in response to your first question, wherein it provides for the employment of a qualified attorney within the county or any adjoining county, or the municipal judge of another municipal court in the county, in the event of a vacancy by virtue of the failure of any qualified attorney to be elected to the office of municipal judge or by reason of the absence of a qualified attorney residing within the court's jurisdictional limits or within the county.
This provision appears to apply in the event no attorney meeting the residency requirement for municipal judge is elected or available for appointment. Article 19, Section 3 of the Arkansas Constitution requires that any person elected or appointed to fill a vacancy in office "possess the qualifications of an elector." This requirement has been interpreted by the Arkansas Supreme Court to mandate residence in the political subdivision to be served by the elected official. Davis v. Holt,304 Ark. 619, 623, 804 S.W.2d 362 (1991). Thus, to the extent A.C.A. §16-17-105 authorizes the employment or appointment of one who is not a "qualified elector," it is constitutionally suspect. While it might be contended that the employment, as opposed to appointment, of a non-qualified elector as municipal judge does not violate the residency requirement, this argument would likely fail in view of the fact that the person will undoubtedly hold the office in any event.
 2. If the answer to number one (1) is appointment, is the appointment made by the city council and/or mayor, or is the appointment by the Governor, or some other procedure?
See response to Question 1. If the vacancy occurs more than nine months before the next general election, a special election must be held. Otherwise, the vacancy is filled by appointment by the Governor. The regular practicing attorneys may, however, elect a special judge to preside until a successor is selected and qualified in accordance with Article 7, § 50. See also discussion above regarding A.C.A. § 16-17-105.
 3. Where must the successor reside, that is, from within the county or from within the municipality served?
The answer to this question will depend upon the particular court in question. Arkansas Code Annotated § 16-17-209(a) (1987) states that the judge of the municipal court "shall be . . . an elector of the judicial subdivision wherein the court sits." Section16-17-103 (1987) states, however, that a municipal court judge who is elected by countywide vote must be a resident of the county in which the court sits. See also A.C.A. §16-17-303(b) regarding municipal courts in county-seat towns becoming cities of the second class, A.C.A. § 16-17-120 (Cum. Supp. 1991) (authorizing a governing body to change the method of electing the municipal judge, and removing the requirement of residency in the municipality), and § 16-17-101 (1987) (authorizing agreements by municipalities for one municipal judge to serve other cities or towns, and requiring residency in the county when the judge is selected by the combined electors of the agreeing cities or towns). I suggest, in light of these different provisions, that local counsel be consulted in order to determine the residency requirement.
 4. Does the answer to number three (3) depend on whether there is an attorney residing in the municipality to be served?
The answer to this question is, in my opinion, "no." Although A.C.A. § 16-17-105 purports to provide for the employment of an attorney within the county or the judge of another municipal court in the county in the event there is no qualified attorney residing within the jurisdictional limits of the municipal court, as discussed above, this provision probably cannot withstand constitutionality scrutiny to the extent it authorizes a non-qualified elector to serve as municipal judge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh