The Honorable Bill Gwatney State Senator P.O. Box 156 Jacksonville, AR 72076
Dear Senator Gwatney:
This is in response to your request for an opinion on the following question:
 What is the procedure for filling a vacancy in the office of the Pulaski County Municipal Judge which occurs more than nine months before the next general election?
It is my opinion that Article 7, Section 50 of the Arkansas Constitution governs the procedure for filling this vacancy. Thus, in my opinion, the vacancy will be filled by special election. Article 7, § 50 states:
 All vacancies occurring in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in county and township offices six months and in other offices nine months, before the next general election, such vacancies shall be filled by appointment by the Governor.
Article 7 created the judicial department of the state government. The creation of municipal courts is authorized in § 1 of art. 7, which states:
 The judicial power of the State shall be vested in one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts, courts of common pleas, where established, and, when deemed expedient, may establish separate courts of chancery.
The Arkansas Supreme Court, in the case of Johnson Co. ElectionComm'rs v. Holman, 280 Ark. 128, 655 S.W.2d 408 (1983), addressed the question of whether Section 1 of Amendment 29 to the Arkansas Constitution repealed with respect to municipal courts § 50 of art. 7.[1] In concluding that there was no such repealer, the court reconciled the two provisions, stating:
 [Municipal] courts were not covered by Amendment 29, which refers specifically and only to `elective state, district, circuit, county, and township offices.' Thus the language of Amendment 29 is not all-inclusive.
280 Ark. at 130.
The Supreme Court noted that the trial court, in applying amend. 29, relied upon the "sweeping statement" in McCraw v. Pate,254 Ark. 357, 494 S.W.2d 94 (1973), that "`Amendment 29 completely eliminated and superseded section 50 of Art. 7.'"280 Ark. at 130, citing McCraw, 254 Ark. at 366. The court in Holman
then explained this "sweeping statement" as follows:
 Our statement, however, must be considered in the context of its accompanying facts, which concerned the office of sheriff — unquestionably a county office falling within the language of Amendment 29, Section 1. The statement cannot be taken literally in a case involving a municipal judge.
280 Ark. at 130.
Thus, according to Holman, a municipal judge holds a municipal office, which is not governed by amend. 29. Holman involved the Clarksville Municipal Court which, according to the Arkansas Supreme Court, was correctly found by the trial court to be a municipal office ". . . even though the judge is elected by a county-wide vote, exercises county-wide jurisdiction, and is paid partly by the city and partly by the county." Id. at 128-129.
With regard to the municipal court in question, it is my opinion that the position of municipal judge of the Pulaski County Municipal Court similarly is not governed by amend. 29 or amend. 55, despite the fact that the court was created by the General Assembly as a county municipal court. It should be noted in this regard that the Arkansas Supreme Court in Pulaski CountyMunicipal Court v. Scott, 272 Ark. 115, 612 S.W.2d 297 (1981), found that the court as established under Act 123 of 1979 was validly created as a county municipal court under art. 7, § 1 of the Arkansas Constitution.[2] The court rejected the contention that this so-called "county municipal court" was not validly created because art. 7 only authorized the creation of "municipal corporation courts" (see art. 7, § 1), meaning "corporation courts for towns and cities." 272 Ark. at 118-119. The court accepted the appellants' assertion that art. 7 does not so limit corporation courts but speaks of "municipal corporation courts," noting that "[w]e have long recognized that counties are municipal corporations." Id. at 119.
It is thus clear that the Pulaski County Municipal Court does not fall under the category of "corporation courts for towns and cities." See art. 7, § 43. It is, nevertheless, a "municipal corporation court" validly created under art. 7, § 1. And we know that municipal courts are not covered by amend. 29. SeeHolman, supra. The fact that the court was created as acounty municipal corporation court does not, in my opinion, compel the conclusion that the municipal judge position is an elective county office now covered by amend. 55. See n. 1,supra. Unlike the office of sheriff at issue in McCraw v.Pate, supra, it cannot be concluded that this municipal judge position is "unquestionably a county office." Holman,280 Ark. at 130. As stated above at n. 1, amend. 55 changed the procedure in amend. 29 for filling vacancies in elective county offices by substituting the quorum court for the governor as the appointive authority. The Arkansas Supreme Court has stated with respect to amend. 29 that the language of § 1 regarding "elective state, district, circuit, county, and township offices" is not all-inclusive. Holman, supra. This fact was recognized inGlover v. Henry, 231 Ark. 111, 328 S.W.2d 382 (1959), where the court held that the elective office of school director was not included in the amendment. The court in Glover noted the offices referenced in § 1 of amend. 29, and then stated:
 This enumeration, extending from the state constitutional officers down to the township justice of the peace, encompasses those public officers who are mentioned elsewhere in the constitution and who exercise in some measure the state's governmental powers.
231 Ark. at 114.
The office of county judge was established under § 28 of art. 7 and is also mentioned in §§ 29, 30, 36 and 37 of art. 7. Section 46 of art. 7 established the county executive offices of sheriff, assessor, coroner, treasurer and county surveyor. It may reasonably be concluded that these are the county offices encompassed within the elective offices designated in amend. 29. My research has yielded no support for the proposition, however, that the offices enumerated in amend. 29 include a "municipal corporation court" authorized in art. 7. Indeed, as discussed above, current authority indicates that such a court is a municipal court under Ark. Const. art. 7 and outside the reach of amend. 29 (or amend. 55).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 1 of amend. 29 states in relevant part that "[v]acancies in . . . all elective state, district, circuit, county, and township offices . . . shall be filled by appointment by the Governor." Amendment 55 to the Arkansas Constitution changed this procedure with regard to elective county offices to the extent that the quorum court is substituted for the governor as the appointive authority. See Hawkins v. Stover,274 Ark. 125, 622 S.W.2d 667 (1981).
[2] The court was unable, however, to reach agreement with regard to the validity of the provision in the 1979 act for the county judge's appointment of the municipal court judge. The trial court's ruling that the appointment provision was unconstitutional was therefore affirmed. Scott,272 Ark. at 120-121. The court was subsequently recreated as the Municipal Court of Pulaski County under Act 710 of 1981. The judge is now elected by a county-wide vote. The 1979 and 1981 acts are, otherwise, very similar in providing that the court shall have county-wide jurisdiction, the judge shall have the same qualifications as required for other municipal judges except that he or she may engage in the private practice of law, the judge's salary is determined by the quorum court within a stated range, and all fees and court costs shall be deposited in the county treasury and credited to the County General Fund.