Ron OLIVER, in His Official Capacity as
Chairman of the Pulaski County Election Commission;
Lisa Binns, in Her Official Capacity as a Member of the
Pulaski County Election Commission; and
Richard Grasby, in His Official Capacity as a Member of the
Pulaski County Election Commission *v.* Logan SIMONS

94-1067                                              885 S.W.2d 859

Supreme Court of Arkansas
Opinion delivered October 28, 1994

*Nelwyn Davis*, Pulaski County Civil Attorney; and *Karla Burnett*, for appellants.

*Robert A. Newcomb*, for appellee.

ROBERT L. BROWN, Justice. Ron Oliver and other members of the Pulaski County Election Commission appeal the decision of the circuit court granting the writ of mandamus and ordering that Appellee Logan Simons's name be placed on the ballot for the November 8, 1994 general election as an independent candidate for Pulaski County Municipal Court. The Election Com-

mission primarily contends that because this office is filled by countywide election it was subject to a May 1, 1994 filing deadline, and Simons's attempt to file as an independent candidate on September 2, 1994, was, therefore, untimely. We disagree with the Election Commission's conclusion, and we affirm the decision of the circuit court.

On September 2, 1994, Simons approached the Election Commission to file as an independent candidate for Pulaski County Municipal Court. She presented a sufficient number of signatures for this purpose but was not permitted to file due to untimeliness. It was the Election Commission's position that candidates for this office had already been chosen in the primary elections held in May, and that Simons should have filed as an independent candidate by May 1, 1994. On September 9, 1994, Simons filed as a write-in candidate for this same position, and on September 20, 1994, she filed a petition for writ of mandamus and for a temporary restraining order to have her name placed on the ballot as an independent candidate. A hearing was held before the circuit court, and on September 26, 1994, the circuit court granted Simons's petition. In doing so, the circuit court relied on the case of *Johnson County Election Commissioners* v. *Holman*, 280 Ark. 128, 655 S.W.2d 408 (1983). The circuit court further found that Simons was qualified and observed that the Election Commission had previously filled a vacancy for the Pulaski County Municipal Court after accepting an opinion from the State Attorney General to the effect that this was a municipal office. The circuit court concluded that the Attorney General was correct in his opinion.

The pertinent statute governing filing procedures for independent candidates follows:

(b) Any person desiring to have his name placed upon the ballot as an independent candidate without political party affiliation for any state, county, township, or district office in any general election in this state shall file as an independent candidate in the manner provided in this section no later than the date fixed by law as the deadline for filing political practice pledges and party pledges if any are required by the rules of the party to qualify as a candidate of a political party in a primary election or the first day of May, whichever is later.

(c)(1) He shall furnish, at the time he files as an independent candidate, petitions signed by not less than three percent (3%) of the qualified electors in the county, township, or district in which the person is seeking office, but in no event shall more than two thousand (2,000) signatures be required for a district office.

. . . .

(d)(1) Independent candidates for municipal office may qualify by petition of not less than ten (10) nor more than fifty (50) electors of the ward or city in which the election is to be held.

(2) Independent candidates for municipal office shall file their petitions of nomination with the county board of election commissioners not less than sixty (60) days before the general election.

Ark. Code Ann. § 7-7-103(b), (c)(1), and (d) (Repl. 1993).

The kernel of the Election Commission's argument is that because this is a position requiring a countywide election, subsections 7-7-103(b) and (c)(1) concerning election of county officeholders should govern rather than subsection 7-7-103(d) which deals with municipal offices. In particular, the Election Commission notes that subsection 7-7-103(d)(1) refers to qualifying petitions signed by "electors of the ward or city in which the election is to be held." That limitation, according to the Election Commission, should foreclose reliance on subsection 7-7-103(d).

The issue of whether a municipal corporation court filled by a countywide election is a county or municipal office was decided by this court in 1983. *See Johnson County Election Commissioners* v. *Holman, supra.* In *Holman*, the precise issue was whether a vacancy occurring in a municipal corporation court elected on a countywide basis should be filled by appointment of the Governor as a county office under Amendment 29 of the Arkansas Constitution[1], or by special election as a municipal

---

[1]Section 4 of Amendment 55 of the Arkansas Constitution, effective January 1, 1977, changed the appointive authority and provides that the quorum court shall have the power to fill vacancies in elective county offices. *Hawkins* v. *Stover*, 274 Ark. 125, 622 S.W.2d 667 (1981).

office under Article 7, Section 50 of the Arkansas Constitution. We concluded that a special election was required for municipal corporation courts under Article 7, Section 50. The *Holman* decision resolves the issue of whether the municipal court in question elected countywide was a municipal office or county office. We clearly determined that it was a municipal office.

When the State Attorney General advised the Election Commission in 1993 by opinion #93-314 that a vacancy in the Pulaski County Municipal Court must be filled by special election under Article 7, Section 50, he relied on *Johnson County Election Commissioners* v. *Holman, supra*, and opined that the office was not an elective county office. The Election Commission, on the basis of this opinion, called a special election to fill a municipal office. As already indicated, the circuit court in the case before us concluded that the Attorney General's opinion was correct. The court further alluded to the fact that if the position at issue is not a county office, the current incumbent may have been invalidly elected at the special election because Amendment 55 requires vacancies in county offices to be filled by the quorum court of the county. It appears clear to us, as it was to the circuit court, that the Election Commission has previously proceeded on the basis that the Pulaski County Municipal Court was a municipal office.

The Election Commission also urges that this is a "partisan" position and that candidates ran for this office in the May party primary elections. Because of this, it contends that subsection 7-7-103(b) with the May 1 deadline applies. The fact that certain candidates for the office may have run in the political primaries does not decide this issue, however. Though primary elections to select candidates for county municipal courts are not foreclosed by statute, neither are they required. By Act 42 of 1972, the General Assembly established procedures for qualifying as an independent candidate for municipal office. In the Emergency Clause of the Act, the General Assembly remarked that "the great majority of municipalities elect their municipal officials as independents and do not have political primaries for municipal office."

Moreover, in Act 710 of 1981, now codified in part at Ark. Code Ann. § 16-17-108 (Repl. 1994), which establishes the

Pulaski County Municipal Court as a "municipal corporation court," specific reference is made to the election of this municipal judge at the general election every four years. Party primaries are not specifically required by the Act. Again, this is not to say that party primaries may not be held to nominate candidates for these municipal offices. It is to say that historically many, if not most, municipal offices have been filled by independent candidates. We do not view the fact that candidates ran for nomination in political primaries as being dispositive of the issue.

Admittedly, a court termed Pulaski County Municipal Court appears something of a hybrid. Nevertheless, this court has determined that municipal corporation courts elected countywide are municipal offices. *See Johnson County Election Commissioners* v. *Holman, supra.* As a result, the appropriate deadline for filing as an independent candidate for this office is not less than 60 days before the general election, pursuant to subsection 7-7-103(d)(2).

The Election Commission further advances the argument that a violation of the Equal Protection Clause occurred due to preferential treatment of independent candidates as opposed to political party candidates who were required to participate in the primary process. While the standing of the Election Commission to raise this argument appears to be nonexistent, we will not address the point in any event since it was not argued to the circuit court. Even constitutional arguments must be argued to the trial court in order to be preserved for our review. *Chapin* v. *Stuckey*, 286 Ark. 359, 692 S.W.2d 609 (1985).

The decision of the circuit court is affirmed. The mandate shall issue on November 3, 1994. Any petition for rehearing shall be filed by November 1, 1994. Any response shall be filed by November 2, 1994.

Affirmed.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. As the majority opinion aptly notes, a county municipal court is, as its name implies, a hybrid — neither fish nor fowl, but rather, both. Finding its place

in our election laws is an exercise involving square pegs and round holes. *See*, e.g., *Johnson County Election Commission* v. *Holman*, 280 Ark. 128, 655 S.W.2d 408 (1983), and *Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981). But the key to the conundrum in this case, I believe, lies in the fact that candidates for municipal corporation courts, unlike candidates for Pulaski County Municipal Court, campaign only within their respective municipalities. Whereas, candidates for Pulaski County Municipal Court campaign on a county-wide basis. Thus, the filing deadline for an independent candidate under Ark. Code Ann. § 7-7-103(b) (Repl. 1993) is "the date fixed by law as the deadline for filing . . . in a primary election or the first of May, whichever is later."

The fact that in *Johnson County Election Commissions* v. *Holman, supra*, we held that the Clarksville Municipal Court was a municipal office for purposes of filling vacancies under art. 7, § 50, does not dictate that these hybrid offices must be treated as a municipal office for purposes of the filing requirements of § 7-7-103. In *Johnson* we were concerned only with the language of two constitutional provisions: art. 7, § 50 and Amendment 29 § 1, dealing with the filling of vacancies in certain elective offices. Our opinion stated that the Clarksville Municipal Court was a *municipal* office. But that aspect of our decision was clearly perfunctory, we note that the trial court had so found and "the appellee does not question that conclusion, which we need not examine in further detail." Nowhere in that opinion did the court even refer to the statute which governs this case. Had we been engaged in *Johnson* with the issue now presented, I submit we would have analyzed the dispute from an entirely different perspective, with, quite conceivably, a different result. At any rate, the holding in that case does not dictate a predetermined result in this case.

Our task here should be one of following the plain meaning of § 7-7-103 or discerning the underlying intent of the legislature in enacting the provisions embodied in that statute, a cardinal rule the majority fails to even mention. The basic rule of construction to which all other interpretive guides defer is to give effect to the legislative intent. *McCoy* v. *Walker*, 317 Ark. 86, 876 S.W.2d 252 (1994); *Puch* v. *St. Paul Fire & Marine Ins. Co.* 317 Ark. 384, 877 S.W.2d 915 (1994). When a statute is clear, it is given its plain meaning and we do not search for leg-

islative intent. That intent must be gathered from the plain meaning of the language used. *Hinchey* v. *Thomasson*, 292 Ark. 1, 727 S.W.2d 836 (1987). By either formula, the purpose is plain — independent candidates for municipal offices file in accordance with § 7-7-103(d)(1), whereas independent candidates for county offices file in accordance with § 7-7-103(b) and (c)(1). It is axiomatic that candidates filing in a party primary are entitled to compete on equal terms with candidates filing independently, including the length or brevity of the campaign. That should govern this dispute.