The Honorable Tom Cooper, Prosecuting Attorney 9th Judicial District West Little River County Courthouse P.O. Box 214 Ashdown, Arkansas 71822
Dear Mr. Cooper:
You have requested an official Attorney General opinion regarding several issues concerning the filling of a vacancy in the position of municipal judge. You have asked:
 (1) What is the procedure for filling a vacancy that will be created on January 1, 1999 in the elected municipal judge's position if no one ran in the primary and no one has announced for the general election?
 (2) Does the municipal judge have to reside in the county in which he or she is elected or appointed?
 (3) If so, what if there are no lawyers interested in the position in that county?
 (4) Can an individual who is appointed to the position run for the position the following term?
RESPONSE
Question 1 — What is the procedure for filling a vacancy that will becreated on January 1, 1999 in the elected municipal judge's position ifno one ran in the primary and no one has announced for the generalelection?
It is my opinion that the vacancy must be filled by special election.[1]
I base this conclusion on the provisions of Article 7, § 50 of the Arkansas Constitution, which state:
50. Vacancies.
 All vacancies occurring in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in county and township offices six months and in other offices nine months, before the next general election, such vacancies shall be filled by appointment by the Governor.
Ark. Const., art. 7, § 50.
The office of municipal judge is one that is deemed to have been created under Article 7. See Pulaski County Municipal Court v. Scott,272 Ark. 115, 612 S.W.2d 297 (1981) (holding that the court as established under Act 123 of 1979 was validly created as a county municipal court under art. 7, 1 of the Arkansas Constitution). Municipal courts therefore fall within the ambit of the above-quoted section. SeeJohnson Co. Election Comm'rs v. Holman, 280 Ark. 128, 655 S.W.2d 408
(1983).
Because the vacancy about which you have inquired will occur on January 1, 1999, it will have occurred more than nine months before the next general election (which will not be held until November of the year 2000, see A.C.A. § 7-5-102). Accordingly, under the provisions of Article7, § 50 of the Arkansas Constitution, the vacancy must be filled by special election. See Op. Att'y Gen. No. 90-304.
Question 2 — Does the municipal judge have to reside in the county inwhich he or she is elected or appointed?
It is my opinion that the municipal judge must reside in the county in which he or she is elected or appointed.
This question is directly governed by the provisions of A.C.A. §16-17-103, which state:
Residency requirement of judges elected by county-wide.
 The judge of a municipal court elected to that office by county-wide vote need not be a resident of the city, but he must be a resident of the county in which the court sits.
A.C.A. § 16-17-103.
The municipal judge's residence in the county is also constitutionally compelled. Article 19, § 3 of the Arkansas Constitution states: "No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector."
The Arkansas Supreme Court has interpreted the requirement of "qualifications of an elector" to mean residence in the political subdivision in question. See Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362
(1991); Charisse v. Eldred, 252 Ark. 101, 477 S.W.2d 480 (1972); Thomasv. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948); Att'y Gen. Op. No. 92-045. Therefore, municipal judges must reside in the counties in which they are elected.
Question 3 — If so, what if there are no lawyers interested in theposition in that county?
It is my opinion that if there are no lawyers in the county who are available for the position, the governing body of the city in which the court sits may appoint or employ an attorney who resides in an adjoining county.
This situation is directly addressed by A.C.A. § 16-17-105, which states:
16-17-105. Vacancy or inability of judge to serve — Appointment.
* * *
 (c) When there is a vacancy in the office of municipal judge in an established municipal court by reason of the absence of a qualified attorney residing within the county or by reason of the failure of any qualified attorney to be elected to that office, the governing body of the city in which the municipal court is located is authorized to employ or appoint as judge of the court any qualified attorney residing in any county adjoining the county in which the municipal court is located.
A.C.A. § 16-17-105(c).
I must note that I have previously opined that the above-quoted statute may be constitutionally suspect because it appears to conflict with Article 19, § 3 of the Arkansas Constitution, which (as discussed in response to Question 2) requires that municipal judges be residents of the county in which the court sits. See Op. Att'y Gen. No. 92-352. It may also be contrary to Article 7, § 50, which requires a special election. I also noted in Opinion No. 92-352 that while it might be contended that the "employment," as opposed to "appointment," of a non-resident as municipal judge does not violate the residency requirement of Article 19, § 3, this argument would likely fail in view of the fact that the person will undoubtedly hold the office in any event. Id.
Nevertheless, statutes are entitled to a presumption of constitutionality, see Urrey Ceramic Tile Co. v. Mosley, 304 Ark. 711,805 S.W.2d 54 (1991), and to my knowledge, the constitutionality of A.C.A. § 16-17-105 has not been challenged. It is therefore currently the law. Accordingly, if there are no lawyers in the county who are available for the position of municipal judge, there is statutory authority for the governing body of the city in which the court sits to appoint or employ an attorney who resides in an adjoining county.
Question 4 — Can an individual who is appointed to the position run forthe position the following term?
I note initially that I have opined in response to Question 1 that in the situation about which you have inquired, the position in question must be filled by special election, rather than by appointment. No provision of state law would prohibit the person who was chosen in the special election from running to succeed himself or herself in that position.
In response to your specific question regarding appointed individuals, it is my opinion that in instances in which a vacancy in the position of municipal judge is filled by appointment, the appointed individual may run for the position the following term.
The prohibition of Amendment 29 to the Arkansas Constitution against appointed officials succeeding themselves does not apply to municipal judges. See Johnson County Bd. of Election Commissioners v. Holman,280 Ark. 128, 655 S.W.2d 408
(1983); Ops. Att'y Gen. Nos. 90-304 and 86-392.
Accordingly, it is my opinion that both individuals who are appointed and those who are chosen by special election to fill a vacancy in the position of municipal judge may run to succeed themselves in the position.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] In the event that there are no lawyers available for the position who reside in the county, the vacancy may also be filled by the procedure set forth in A.C.A. § 16-17-105. See discussion in response to Question 3.