The Honorable Randy Minton State Representative 880 Minton Road Ward, Arkansas 72176-8618
Dear Representative Minton:
This is in response to your request for an opinion on the following question:
 If someone is appointed by the Governor and/or the quorum court to fulfill an unexpired term of an elected official can they succeed themselves in the office if they resign from the office before the filing deadline and then seek the office in either a preferential primary and/or general election?
RESPONSE
It is my opinion, to the extent Amendment 29 to the Arkansas Constitution is applicable, that the answer to this question is "no."
The relevant provision of the Arkansas Constitution is Amendment 29. Amendment 29 authorizes the Governor to fill vacancies in the office of "United States Senator, and in all elective state, district, circuit, county, and township offices except those of Lieutenant Governor, Member of the General Assembly and Representative in the Congress of the United States." Arkansas Constitution, Amendment 29, § 1. No person appointed pursuant to this provision "shall be eligible for appointment or election to succeed himself." Amendment 29, § 2.
You do not indicate to which particular office your question refers. Please note that Amendment 29 has no applicability to municipal offices.Johnson County Board of Election Commissioners v. Holman, 280 Ark. 128,655 S.W.2d 408 (1983). There is no constitutional impediment to appointed municipal officers succeeding themselves. In addition, with regard to county offices, Amendment 55 to the Arkansas Constitution has substituted the quorum court for the Governor as the appointing authority for county elective offices. Hawkins v. Stover, 274 Ark. 125, 622 S.W.2d 668
(1981). With regard to county offices, however, the constitutional impediment of Amendment 29, § 2 against succeeding oneself in office remains.
Two of my predecessors have opined that an officer appointed pursuant to Amendment 29, whether by the Governor or the quorum court, may not resign from the office in an effort to render himself eligible for election to the position. See e.g., Ops. Att'y. Gen. 89-193, and 91-384. The first-cited opinion reasons that to authorize this action would be to sanction the indirect accomplishment of what cannot be done directly. With this conclusion I agree. It is therefore my opinion that the answer to your question is "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh