The Honorable Phillip T. Jacobs State Representative 819 Miller Street Clarksville, AR 72830-2239
Dear Representative Jacobs:
This is in response to your request for an opinion on the following questions:
 1. The Clarksville Municipal Judge has, in the past, been elected countywide. Does a Municipal Judge announce his candidacy prior to the May primary and does or can the Municipal Judge run for office according to party affiliation or as an independent?
 2. If the incumbent Municipal Judge has announced that he is running as a democrat for the newly created Chancery/Circuit Judgeship in Johnson, Pope, and Franklin Counties, may he also run simultaneously as a candidate for the Municipal Judge position in Johnson County?
 3. Does a person running for the Clarksville Municipal Judgeship have to be a graduate of an accredited law school and have passed the Bar examination for the State of Arkansas?
RESPONSE
A candidate for the position of Clarksville Municipal Court Judge may run either according to political party affiliation or as an independent, and must meet all requirements set by law. A candidate for the circuit/chancery judgeship in Johnson, Pope and Franklin Counties could also run simultaneously as a candidate for the Clarksville Municipal Court judgeship. A person running for Clarksville Municipal Court Judge must, at the time of filing as a candidate, be licensed to practice law in this state.
Question 1 — The Clarksville Municipal Judge has, in the past, beenelected countywide. Does a Municipal Judge announce his candidacy priorto the May primary and does or can the Municipal Judge run for officeaccording to party affiliation or as an independent?
I assume that the Clarksville Municipal Court Judge is elected countywide in accordance with A.C.A. § 16-17-120 (a) (Supp. 1999).[1] It is thus clear that A.C.A. § 14-42-206, which in the absence of the resolution provided for therein requires nonpartisan elections based upon nominating petitions, has no applicability to this municipal judge position. See
A.C.A. § 14-42-206 (c) (3) (Supp. 1999) (stating that "[a]ny municipal judge position that is elected other than citywide will not be affected by this section). See also Op. Att'y Gen. 94-072.
It is therefore my opinion that A.C.A. § 7-7-101 et seq. governs the methods of nomination for the position of Clarksville Municipal Court Judge. See A.C.A. § 7-7-101 (Repl 1993) (stating that "[t]he name of no person shall be printed on the ballot . . . unless the person shall have been certified as a nominee selected pursuant to this subchapter.") Seealso A.C.A. § 16-17-120 (b) (2) (Supp. 1999) (stating that "[a]ny candidate for municipal court judge shall meet all requirements now set by law). Accordingly, a candidate for this judgeship may run as a political party nominee (A.C.A. § 7-7-102 (Repl. 1993)), or as an independent (A.C.A. § 7-7-103 (c) (Supp. 1999).[2] The applicable Code sections should be referenced for the specific filing requirements and deadlines.
I am aware of no requirement that an independent candidate must announce his candidacy prior to the May primary. Candidates at primary elections must file party pledges and political practices pledges in the period beginning at 12:00 noon on the third Tuesday in March and ending at 12:00 noon on the fourteenth day thereafter before the preferential primary. A.C.A. § 7-7-203 (c) (Supp. 1999). An independent candidate for this municipal judgeship must file the political practices pledge "not less than sixty (60) calendar days before the general election by 12:00 noon[;]" in accordance with A.C.A. § 7-6-102 (a) (3) (Supp. 1999). An independent candidate's petitions of nomination for this position is due "not less than sixty (60) days nor more than eighty (80) days before the general election." A.C.A. § 7-7-103 (c) (2) (Supp. 1999).
Question 2 — If the incumbent Municipal Judge has announced that he isrunning as a democrat for the newly created Chancery/Circuit Judgeship inJohnson, Pope, and Franklin Counties, may he also run simultaneously as acandidate for the Municipal Judge position in Johnson County?
It is my opinion that the answer to this question is in all likelihood "yes." Although the holding of these two positions simultaneously would be contrary to law,[3] I have found no prohibition against the name of a candidate for the circuit-chancery judgeship also appearing on the ballot as a candidate for the municipal court judgeship. Cf. Op. Att'y Gen. 94-256 (concluding that one could run as an independent candidate for mayor and also as the democratic nominee for alderman). There are specific prohibitions against one's multiple nomination for the sameoffice. A.C.A. §§ 7-7-204 (Supp. 1999). See also A.C.A. § 7-7-103 (e) (Supp. 1999) (a person who has been defeated in a party primary cannot file as an independent candidate for that office in the general election). It seems, therefore, that the General Assembly could have enacted a prohibition against dual candidacy for different offices had it so intended.
Question 3 — Does a person running for the Clarksville MunicipalJudgeship have to be a graduate of an accredited law school and havepassed the Bar examination for the State of Arkansas?
While it appears that there is no law practice requirement for the office of municipal court judge in a city such as Clarksville, in order to be eligible for this office one must be "regularly licensed to practice law in this state[.]" A.C.A. § 16-17-104 (Repl 1994).[4] This eligibility requirement must be met at the time of filing. See A.C.A. § 7-5-207 (b) (Supp. 1999) (providing that "[n]o person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time offiling as a candidate. . . .") (Emphasis added).
It thus seems clear that a person running for the office of Clarksville Municipal Court Judge must be a law school graduate and must have passed the Bar. This necessarily follows from the requirement that the candidate must be an "attorney regularly licensed to practice law in this state."
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] This Code provision states in relevant part that "[t]he judge of any municipal court which has been created or is hereafter created under the provisions of subchapter 2 of this chapter, or any other general law authorizing or providing for the establishment of a municipal court, shall be elected by the electors of the entire county. . . ." This is, I believe, the controlling Code section. Although subsection (d) of §16-17-120 provides for election by township pursuant to a county ordinance, you have not indicated that there is such an ordinance in this case. Nor is there any specific Code section addressing the method of electing the Clarksville Municipal Court Judge. Compare, for example,
A.C.A. § 16-17-108 (dddd) (Supp. 1999) (requiring election of the Pine Bluff Municipal Court Judge, Second Division, by the city electors).
[2] The applicability of A.C.A. § 7-7-103 (c) in the case of a municipal court judgeship filled by countywide election was confirmed inOliver v. Simons, 318 Ark. 402, 885 S.W.2d 859 (1994).
[3] Article 7, Section 18 of the Arkansas Constitution prohibits a circuit court judge from holding "any other office of trust or profit under this State. . . ." This prohibition would, I believe, apply to the newly created "additional circuit-chancery and juvenile judgeship" in the Fifth Judicial District (A.C.A. § 16-13-1303 (4) (Supp. 1999). In accordance with A.C.A. §§ 16-13-605 and -606, this judge sits as judge of the circuit court as time permits.
[4] A.C.A. § 16-17-104 states as follows:
 No person otherwise qualified to hold the office of judge of any municipal court shall be qualified for that office unless he shall have practiced law within this state for a least three (3) years. However, in any city having an aldermanic form of government and having a population of fifteen thousand (15,000) persons or less, according to the most recent federal census, any attorney regularly licensed to practice law in this state shall, if otherwise qualified, be eligible to hold the office of municipal judge.
This provision has been interpreted by this office as superseding earlier laws with different practice requirements. See Op. Att'y Gen. 91-378.