David L. Gibbons, Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
You have requested an Attorney General opinion concerning a vacancy caused by the resignation of a municipal judge prior to the expiration of his term.
You indicate that the municipal judge in question was elected for a four-year term that expires on December 31, 2002. This judge was also elected in the 2000 primary to fill a newly created circuit/chancery judgeship in the fifth Judicial District of Arkansas. He is unopposed in the general election and will presumably take office on January 1, 2001, thus creating a vacancy in the municipal judgeship.
In light of the foregoing facts, you have presented the following questions:
 (1) If the municipal judge, prior to the November election, tenders his resignation effective December 31, 2000 and the resignation is accepted by the proper authority when tendered, will the vacancy be filled by special election or by appointment?
 (2) If the vacancy is to be filled by special election, can the election be held contemporaneously with the November general election?
RESPONSE
Question 1 — If the municipal judge, prior to the November election,tenders his resignation effective December 31, 2000 and the resignationis accepted by the proper authority when tendered, will the vacancy befilled by special election or by appointment?
It is my opinion that under the circumstances you have described, the vacancy that is created in the municipal judgeship should be filled by special election.
This question is governed by Article 7, § 50 of the Arkansas Constitution, which states:
 All vacancies occurring in any office provided for in this article shall be filled by special election, save that in case of vacancies occurring in county and township offices six months and in other offices nine months, before the next general election, such vacancies shall be filled by appointment by the Governor.
Ark. Const., art. 7, § 50.
The above-quoted constitutional provision applies to municipal judgeships. See Johnson County Bd. of Election Comm'rs v. Holman,280 Ark. 128, 655 S.W.2d 408 (1983). Under these provisions, a vacancy in a municipal judgeship can be filled by appointment only if it occurswithin nine months of the next general election. If the vacancy occursmore than nine months before the next general election, it must be filled by special election. The vacancy that you have described will occur on December 31, 2000, the effective date of the resignation.[1] The effective date of the resignation is more than nine months before the next general election, which will occur in November of 2003. Accordingly, the vacancy must be filled by special election. See Op. Att'y Gen. No. 98-176; 93-314; 90-304.
Question 2 — If the vacancy is to be filled by special election, can theelection be held contemporaneously with the November general election?
It is my opinion that the special election to fill the municipal judgeship about which you have inquired can be held contemporaneously with the November general election.
At the heart of this issue is the question of whether the special election can be held (in November) before the municipal judgeship actually becomes vacant (in December). Although Arkansas law does not clearly address this issue, it is nevertheless my opinion that the special election can be held before the judgeship becomes vacant. I have previously opined in another context that when it is known in advance that an office will become vacant, an election to fill that vacancy can be scheduled. See Op. Att'y Gen. No. 2000-087.
In the context of the situation you have described, I base my conclusion regarding this matter on two factors. First, there are no statutory or other legal prohibitions against holding a special election for a position before that position actually becomes vacant (when it is known that it will become vacant). Indeed, this is precisely what happens in regular situations where an election is held for a position that will become available because the incumbent's term will be ending. At the time of the election for that position, the position is not vacant.
Second, considerations of election efficiency and expense would render it unreasonable to require that the special election be delayed for several weeks when many election functions would have to be duplicated and additional election expenses incurred. Indeed, such a result would be absurd. The Arkansas Supreme Court has indicated that the law should not be interpreted in a manner that would lead to absurd results. See, e.g.,Citizens to Establish a Reform Party v. Priest, 325 Ark. 257,926 S.W.2d 432 (1996) (addressing the interpretation of statutes); Gazawayv. Greene County Equalization Bd., 314 Ark. 569, 864 S.W.2d 233 (1993) (rules of statutory interpretation apply equally to the interpretation of constitutional language). For these reasons, I conclude that the special election that is required by Article 7, § 50 of the Arkansas Constitution can be held before the municipal judgeship is actually vacant.
I note that although Article 7, § 50 does not place constraints upon when the special election required therein must be held, the election statutes do create a time frame within which special elections must be held. Under the provisions of A.C.A. § 7-5-103, special elections must be held "at the time specified in the proclamation issued by the appropriate constituted authority, but in no event earlier than thirty (30) days following the issuance of the proclamation." The "proclamation" referred to in A.C.A. § 7-5-103 is the notice of the special election that is required to be given to the public. The county board of election commissioners is authorized by statute to issue that notice.
The authorizing statute states:
 (a) It shall be the duty of the county board of election commissioners at least twenty (20) days before each preferential primary and general election and ten (10) days before the holding of each general primary, general runoff, or special election to give public notice throughout the county of the time and polling sites for holding the elections in the county and the candidates and offices to be elected at that time.
 (b) At least five (5) days prior to a preferential primary, general primary, general, general runoff, or special election, a copy of the public notice may be posted at each polling site fixed for holding the election and shall be published in a newspaper of general circulation in the county.
A.C.A. § 7-5-202.
The special election must, of course, be conducted in compliance with these statutory requirements. Provided that these requirements are met, it is my opinion that the special election to fill the municipal judgeship may be held contemporaneously with the general election.[2]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Even if the vacancy were deemed to occur at the time the resignation was tendered and accepted, my conclusion would be that the vacancy should be filled by special election, because that date would also be more than nine months before the next general election. I acknowledge that this difference in the effective date of the resignation would make a significant difference if this situation were governed by A.C.A. § 14-43-412. However, as discussed in Footnote 2, it is my opinion that A.C.A. § 14-43-412 does not govern this situation.
[2] I note that a question may arise concerning the impact of A.C.A. §14-43-412, which states:
 (a) In case any office of an elected officer, except aldermen of the ward, shall become vacant before the expiration of the regular term, then the vacancy shall be filled by the city council until a successor is duly elected and qualified.
 (b) The successor shall be elected for the unexpired term at the first annual election that occurs after the vacancy shall have happened.
A.C.A. § 14-43-412. Because the office of municipal judge is a municipal office, Oliver v. Simons, 318 Ark. 402, 885 S.W.2d 859 (1994), it would fall within the purview of this statute.
As regards municipal judges, however, the provisions of A.C.A. §14-43-412 appear to be in conflict with the provisions of Article 7, § 50
of the Arkansas Constitution. I note that the Arkansas Supreme Court has not addressed the validity of A.C.A. § 14-43-412 in this respect. I also note that statutes are presumed to be constitutional, and that until they are challenged and stricken down by a court, they remain viable. Ford v.Keith, 338 Ark. 487, S.W.2d (1999). I therefore do not reach the question of whether A.C.A. § 14-43-412 is constitutional. Nevertheless, because its language appears to be in direct conflict with the language of Article 7, § 50 of the state constitution as to municipal judges, I must conclude that the constitutional provision takes precedence.