Ms. Amy Click-Horoda, Chair Sebastian County Election Commission Sebastian County Courthouse Annex 40 South 4th Street Fort Smith, AR 72901
Dear Ms. Click-Horoda:
You have requested my opinion concerning an election matter. Your question is:
 In a city manager form of government, if a city director position is declared vacant after the director misses five consecutive meetings, and the board re-appoints the same director to fill the vacancy in that position, can that city director run for that position when the next election for that position occurs?
Before responding to your question, I must address two related matters. First, I must point out that the duties of county election commissions in connection with the election ballot are ministerial in nature; county election commissions do not have the authority to refuse to place a properly certified candidate's name on the ballot. The commission's duty with regard to this issue is set forth in A.C.A. § 7-5-207, which states in pertinent part:
 (a) All election ballots provided by the county board of election commissioners of any county in this state for any election shall contain in the proper place the name of every candidate whose nomination for any office to be filled at that election has been certified to the county board and shall not contain the name of any candidate or person who has not been certified.
A.C.A. § 7-5-207(a).
This provision was central to the Arkansas Supreme Court's decision inState v. Craighead County Bd. of Election Comm'rs, 300 Ark. 405,779 S.W.2d 169 (1989). In that case, a county board of election commissioners had placed on the ballot the names of certain candidates for justice of the peace positions who were alleged to have been ineligible because of questions about their residence and moral character. The plaintiff petitioned the circuit court for writ of mandamus directing the commission to remove the names from the ballot. The circuit court dismissed the petition on the grounds that mandamus could not be used for the purpose of controlling discretion, reviewing findings of fact, or correcting erroneous action. The circuit court reasoned that the board of election commissioners had the power to make factual determinations concerning a candidate's eligibility, and once that determination was made, mandamus could not compel an opposite result.
On appeal, the Arkansas Supreme Court reversed the circuit court's decision, stating: "In fact, the board does not have the authority to declare a candidate ineligible and remove his name from the ballot when there is a dispute concerning the facts or the law." Id. at 410. The court furthered reasoned as follows:
 [T]he determination of eligibility may often require more than mere ministerial action. Here, the determination of residence requires an exploration of the candidates' intentions and conduct. Ark. Code Ann. 14-14-1306(c) (1987). The question of whether a candidate is of good moral character likewise cannot be answered without delving into the facts. To allow the board to consider disputed facts, make findings, and act thereon, is to put it in the same posture as a judicial tribunal. The board, being a ministerial entity, simply does not have that power.
Id.
The court concluded that only a court can determine the eligibility of candidates to run. The right to prohibit ineligible candidates from being placed on the ballot for an election is a right that is established in A.C.A. § 7-5-207 (quoted above), and the proper remedy for the enforcement of that right is a writ of mandamus coupled with a request for a declaratory judgment concerning the candidates' eligibility.Accord, Ivy v. Republican Party, 318 Ark. 50, 883 S.W.2d 805 (1994).
In light of this precedent, your commission must remain mindful of the ministerial nature of its role.
Second, I must point out that it is not entirely clear what procedure was followed to bring about the vacancy you have described. The statutes that govern cities having a city manager form of government (A.C.A. §14-47-101 through -139 and A.C.A. § 14-61-101 through -120) contain no provision permitting the board to declare a board position vacant after an elected director's five consecutive absences. The required procedures for the removal of directors are set forth at A.C.A. § 14-47-112 and A.C.A. § 14-61-119. Cities cannot take any action that is contrary to state law. See A.C.A. §§ 14-42-307; 14-42-502; 14-43-601, -602; 14-54-101;14-55-101. Therefore, any ordinance providing for a different procedure would impermissibly conflict with state law.
RESPONSE
It is my opinion that a city director who was appointed to fill a vacancy on the city board can run to succeed himself in that position.
The prohibition against appointees running to succeed themselves in office is stated in Amendment 29 to the Arkansas Constitution. With certain exceptions not relevant to your question, that prohibition applies only to persons who were appointed to fill vacancies in "the office of United States Senator, and in all elective state, district, circuit, county, and township offices." It does not apply to municipal officers. See Johnson County Board of Election Commissioners v. Holman,280 Ark. 128, 655 S.W.2d 408 (1983); Op. Att'y Gen. No. 99-242.[1]
Accordingly, an appointed city director is not prohibited by Amendment 29 from running to succeed himself or herself in office. In addition, I have found no statutory provision that would prohibit an appointed city director from running to succeed himself or herself in office. My conclusion is bolstered by the provision in A.C.A. § 14-47-109(d)(3), which states that "[a] director shall not be prohibited from holding successive terms of office." This provision reflects no indication of an intent that it not apply to a city director who is appointed to fill a vacancy on the board.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It should be noted that Johnson County involved a municipal judge. Amendment 80, which was passed in 2000, i.e., after the Johnson County
decision, re-designated the former "municipal judges" as "district judges." The rule stated in Johnson County does not apply to district judges. See Op. Att'y Gen. No. 2001-259 (opining that under Amendment 80, district judges are subject to the provisions of Amendment 29). However, the rule stated in Johnson County remains applicable to other municipal officers.