Lana HAWKINS et al *v.* Carl STOVER et al

81-113                                    622 S.W. 2d 667

Supreme Court of Arkansas
Opinion delivered October 26, 1981

*Ralph E. Faulkner* of *Faulkner, Goza & Rollins,* for appellants.

*James J. Calloway,* for appellees.

RICHARD B. ADKISSON, Chief Justice. On March 3, 1981, John Marlar, Ouachita County Judge, resigned from office. The quorum court, acting pursuant to Act 392 of 1981, appointed James Harvey Rumph interim county judge and called a special election to permanently fill the vacancy. This appeal is from a circuit court judgment declaring Act 392 unconstitutional and enjoining appellant from holding a special election. We affirm.

Amendment 55 of the Arkansas Constitution provides that " . . . the Quorum Court shall have the power to . . . fill

vacancies in elective county offices. . . . " Act 392 of 1981 [Ark. Stat. Ann. § 17-3812 (Supp. 1981)] provides:

SECTION 1. All quorum courts are hereby authorized, in their discretion, to call special elections for the purpose of filling vacancies in the office of county judge.

Arkansas Constitution Amendment 29, generally, provides for the filling of vacancies in elective county offices. Amendment 55 changes this procedure only to the extent that the quorum court is substituted for the governor as the appointive authority. We held in *McCraw* v. *Pate*, 254 Ark. 357, 494 S.W. 2d 94 (1973) that under Amendment 29 the alternative of holding a special election to fill a vacancy is not available.

It is clear that Amendment 55, when read in conjunction with Amendment 29, is complete and self executing as to the manner of filling vacancies in county offices and, therefore, Act 392 of 1981 is constitutionally infirm. Judge Rumph was duly and regularly appointed in accordance with Amendment 55 and will serve until his successor is duly elected and qualified under Amendment 29. *McCraw, supra.*

Affirmed.