The Honorable William R. Bullock Prosecuting Attorney P.O. Box 220 Danville, AR 72833-0220
Dear Mr. Bullock:
This is in response to your request for an opinion regarding the office of Sheriff of Scott County, Arkansas. You note that the Quorum Court appointed Mr. Maurice Hunt to fill a vacancy in the Sheriff's office following the resignation of the Sheriff-elect, Mr. Lowell Broomfield. (Mr. Broomfield's term of office would have expired December 31, 1988; he was elected for the new term beginning January 1, 1989).
You have asked whether Mr. Hunt's appointment will continue into the term beginning January 1, 1989, or whether it will be necessary for the Quorum Court to declare the existence of a vacancy after January 1, 1989 and to make a new appointment for that term. You have also asked whether Mr. Hunt can succeed himself and fill the vacancy for the term beginning January 1, 1989.
It is my opinion that the vacancy in this office must be filled at the next general election, and that Mr. Hunt may serve until his successor is elected and qualified following that election.
This conclusion is compelled by a review of several Arkansas Supreme Court decisions involving Amendments 29 and 55 to the Constitution of Arkansas. The Supreme Court stated that following in Hawkins v. Stover, 274 Ark. 125, 126, 622 S.W.2d 667 (1981):
 Arkansas Constitution Amendment 29, generally, provides for the filling of vacancies in elective county offices. Amendment 55 changes this procedure only to the extent that the quorum court is substituted for the governor as the appointive authority.
The Quorum Court therefore acted properly in filling the vacancy by appointment. However, it must be recognized that Amendment 29 continues to govern the length of time the appointee will serve in relation to filling the office at general elections. See, generally, McCraw v. Pate, 254 Ark. 357, 494 S.W.2d 94 (1973). According to Section 4 of Amendment 29, the appointee shall serve during the entire unexpired term in the office in which the vacancy occurs if such office would in regular course be filled at the next general election if no vacancy occurred.
The fact that the term of office to which Mr. Hunt was appointed in this instance will expire January 1, 1989 would not appear to be dispositive. The case of McCraw v. Pate, supra, illustrates this point. The controversy in that case arose from the sheriff-elect's death on December 26, 1972, following his election to office in the November, 1972 general election. The incumbent sheriff then resigned on December 29, 1972, whereupon the Governor filled the office by appointment pursuant to Amendment 29. The term of the incumbent sheriff expired on December 31, 1972; thus, the term of office for which the appointment was made expired two days after the appointment. It was contended under these facts that the appointee was a holdover into a new term of office not contemplated by Amendment 29 without implementing legislation providing for the filling of such new term. McCraw,254 Ark. at 372. The court stated the following in rejecting this argument:
 Section 1 of Amendment 29 does not distinguish between old and new terms of office. It refers only to vacancies in office, and provides that such vacancies shall be filled by executive appointment regardless of when they occur. . . . Section 4 of Amendment 29 has only to do with how long an appointee shall serve in relation to filling the office at general elections and has nothing to say about appointments or special elections. . . . There is no question that Sheriff Pate is an `officer' within the meaning of Ark. 19, 5 of the Constitution, and there is no question that the official term of the office to which he has appointed expired two days after his appointment. Nevertheless, under section 5 of Art. 19, he may continue in office after the expiration of the official term until his successor is elected (at the next general election) and qualified. [Emphasis in original].
McCraw, 254 Ark. at 372-373.
It is thus apparent that the ruling in McCraw v. Pate was based upon a reading of Amendment 29, in conjunction with section 5 of Article 19 of the Constitution of Arkansas which states that "[a]ll officers shall continue in office after the expiration of their official terms until their successors are elected and qualified."
The McCraw decision supports the conclusion that Mr. Hunt may serve until his successor is elected at the next general election and qualified. (It should be recognized, however, that Mr. Hunt will not be eligible in the next general election to succeed himself, in accordance with section 2 of Amendment 29). This case would still appear to be applicable, notwithstanding the subsequent adoption of Amendment 55, since Amendment 55 apparently only changed the procedure outlined in Amendment 29 to the extent that the quorum court is substituted for the governor as the appointive authority. Hawkins v. Stover, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.