The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, AR 71851
Dear Representative Tullis:
This is in response to your request for an opinion on the following questions:
 1. May a person who has been appointed by the quorum court to fill a vacancy in the office of sheriff resign that office and run for election as sheriff of the county?
 2. If so, must the person's successor be appointed before he may run for the office?
While a conclusive answer to your first question is impossible, in the absence of Arkansas case law on point, it is my opinion that a court faced with this issue would in all likelihood conclude that the answer is, generally, "no."
Section 2 of Amendment 29 to the Constitution of Arkansas states that "[n]o person appointed under Section 1 shall be eligible for appointment or election to succeed himself." Section 1 of Amendment 29 provides for the Governor's appointment to fill vacancies in all elective county offices. Amendment 55 changed this procedure by substituting the Quorum Court for the Governor as the appointive authority in this regard. See Hawkins v. Stover, 274 Ark. 125, 622 S.W.2d 668 (1981). A reading of the Hawkins case does indicate, however, that the prohibition contained in Section 2 of Amendment 29 continues to apply to persons appointed by the Quorum Court under Amendment 55. Indeed, the legislature has enacted this prohibition under enabling legislation to Amendment 55 (Acts 1977, No. 742, 51). This provision is codified at A.C.A. 14-14-1310(a)(2)(E) as follows:
 SUCCESSIVE TERMS OF APPOINTED OFFICER PROHIBITED. No person appointed to fulfill a vacant or unexpired term of an elective county office shall be eligible for appointment or election to succeed himself.
While one might contend that the candidate will not "succeed himself" if he resigns and then runs for the position, I do not believe that a court would approve this indirect method of accomplishing what cannot be done directly.
The assumption under Amendment 29 and A.C.A. 14-14-1310 is that the appointee will serve ". . . during the entire unexpired term in the office in which the vacancy occurs" if the office would normally be filled at the next general election. See Const. Ark. Am. 29, 4. This language seems to indicate that the appointee fills the vacancy. See also Am. 29, 2. Section14-14-1310(a)(2)(E) must also be noted wherein it states that "[n]o person appointed to fulfill a vacant or unexpired term" may succeed himself. (Emphasis added.) Thus, having filled the office and completed the term, the appointee cannot succeed himself. The argument would, it seems, follow that that one has not "succeed[ed] himself" if he first resigns and then runs for election.
The language of Section 4 of Amendment 29 suggests, however, that the vacancy is ultimately filled by the election, whether at the next election or at the second general election after the vacancy occurs. This fact would appear to belie the assertion that the prohibition against succeeding oneself focus upon the individual appointee. The indication under Amendment 29, Section 4 is that the person elected following a vacancy actually succeeds to the office, and not to the appointee following a vacancy. Having served in that office, the appointee is, in my opinion, precluded from running for the position in the election, notwithstanding his prior resignation.
The foregoing opinion, which I hereby approve, was prepared by Assistant attorney General Elisabeth A. Walker.