The Honorable Tom Forgey State Representative 909 Highland Drive Magnolia, AR 71753-2540
Dear Representative Forgey:
This is in response to your request for an opinion, on behalf of the Columbia County Election Commission, concerning a vacancy in the office of coroner in Columbia County. You state that on September 10, 1992, the Columbia County coroner resigned his post and withdrew his name from nomination as the Democratic nominee for that office in the November 3, 1992 general election. At the May 29, 1992 preferential primary, he had been the only candidate for coroner on the Democratic ticket and there were no candidates in the Republican primary. Apparently there are several persons now interested in seeking the position of coroner. Your questions are restated below and answered in the order posed.
 1. How is the position of coroner filled for the interim between now and December 30, 1992?
It is my opinion that, pursuant to Amendments 29 and 55 of the Constitution of Arkansas, the quorum court is to fill the vacancy in the office of coroner by appointment. Section 1 of Amendment 29 provides for the Governor's appointment to fill vacancies in all elective county offices. Amendment 55 changed this procedure, however, by substituting the quorum court for the Governor as the appointive authority in this regard. See Hawkins v. Stover,274 Ark. 125, 622 S.W.2d 668 (1981). See also Op. Att'y Gen.89-193, a copy of which is enclosed. As stated below, it is my opinion that this appointee should serve until a successor is elected and qualified at the 1994 general election.
2. Can that person succeed himself or herself?
In my opinion, the answer to this question is "no." Section 2 of Amendment 29 states that "[n]o person appointed under Section 1 shall be eligible for appointment or election to succeed himself." This prohibition apparently applies to persons appointed by the quorum court under Amendment 55, as the legislature has enacted this prohibition under enabling legislation to Amendment 55 (Acts 1977, No. 742, § 51). This provision is codified at A.C.A. § 14-14-1310(a)(2)(E) (1987) as follows:
 SUCCESSIVE TERMS OF APPOINTED OFFICER PROHIBITED. No person appointed to fulfill a vacant or unexpired term of an elective county office shall be eligible for appointment or election to succeed himself.
The appointee would, in my opinion, be precluded from running for the position in the next election.
 3. How is the position of coroner filled for the term beginning January 1, 1993?
Ordinarily, the position would have been filled at the November, 1992, general election. For the following reasons, however, it is my opinion that the appointee of the quorum court will continue in office during this term until his or her successor is elected and qualified at the 1994 general election. Section 4 of Amendment 29 to the Arkansas Constitution states that:
 The appointee shall serve during the entire unexpired term in the office in which the vacancy occurs if such office would in regular course be filled at the next General Election if no vacancy had occurred. If such office would not in regular course be filled at such next general election the vacancy shall be filled as follows: At the next General Election, if the vacancy occurs four months or more prior thereto, and at the second General Election after the vacancy occurs if the vacancy occurs less than four months before the next General Election after it occurs. The person so elected shall take office on the 1st day of January following his election.
The language of Section 4 of Amendment 29 suggests that the vacancy is ultimately filled by election, whether at the next election or at the second general election after the vacancy occurs. It is my understanding that the term of the previous Columbia County coroner was due to expire in November, 1992. Accordingly, the office "would in regular course be filled at the next [g]eneral [e]lection" had the vacancy not occurred. Because, however, as discussed infra (based on the facts as I understand them), there was in all likelihood no lawful candidate for this position in the November election, it must be concluded that the quorum court's appointee will continue serving in office during the term beginning January 1, 1993, until his or her successor is elected at the next general election. This conclusion is compelled by Article 19, § 5 of the Arkansas Constitution, which requires that "[a]ll officers shall continue in office after the expiration of their official terms until their successors are elected and qualified." See also McCraw v. Pate,254 Ark. 357, 494 S.W.2d 94 (1973).[1]
There is an argument that A.C.A. §§ 7-7-101—504 (1987 Cum. Supp. 1991) would require a different method of filling the vacancy in the office of coroner. It is my opinion, however, that this argument would in all likelihood fail. Additional facts provided relative to your opinion request in a memorandum dated September 24, 1992, to the Columbia County Democratic Central Committee from its chairman, indicate that a "committee meeting and county convention" was to be called for October 1, 1992. The memorandum states that the purpose of the meeting was, in part, to fill the vacancy in nomination left by the resignation and withdrawal from the election of the present coroner. The memorandum also states that the meeting was to be called pursuant to Rule 61(a) of the Rules of the Democratic Party of Arkansas 1988, which states, with regard to vacancies in nomination: "In the case of a county office, the county committee shall convene as a county convention to select the nominee."
While this opinion does not address the propriety or legality of such a meeting, the following provisions, in my opinion, indicate that the selection of a party nominee to fill the vacancy would in all likelihood be ineffectual to have such nominee named as a candidate in the general election.
As an initial matter, A.C.A. § 7-7-101 requires that only the names of persons who have been certified as nominees shall be printed on the ballot in any general election. This provision, in my opinion, evidences legislative intent that in order to be considered a candidate for election, one must first have been properly certified pursuant to the subchapter. Section 7-7-401(a) states that the county committee shall certify the nomination of all county, township, and municipal offices to the county board of election commissioners and the county clerk. Section7-7-402(a)(2) requires that certified lists of nominees for county, township, and municipal offices be filed with the county board of election commissioners and county clerk of the county in which they are to be voted for. Section 7-7-402(b) specifically requires that the certificates of nomination shall be filed within the time provided in § 7-7-203(k). Section 7-7-203(k)(2) states in pertinent part that:
 Each county clerk shall, at least sixty (60) days prior to the date of the general election, notify by registered mail the chairman and secretary of the county committee of the respective political parties that a certified list of all duly nominated candidates for county . . . offices is due and shall be filed with the county board of election commissioners and the county clerk in order that the candidates' names be placed on the ballot for the general election. The county committee shall issue the certified list on behalf of those duly nominated candidates and submit the certified list to the county board of election commissioners and the county clerk at least forty-five (45) days but not later than fifty-five (55) days prior to the general election. However, if the chairman and secretary of the county committee of the respective political parties are not properly notified as directed by this section, the failure of a certified list to be filed shall not prevent any candidate's name from being placed on the ballot of the general election. [Emphasis added.]
Section 7-5-207(a) states that:
 . . . election ballots provided by the county board of election commissioners of any county . . . for any election shall contain . . . the name of every candidate whose nomination for any office to be filled at that election has been certified to the commissioners and shall not contain the name of any candidate or person who has not been certified.
[Emphasis added.]
While § 7-7-104 provides a means whereby vacancies in nomination may be filled by a political party, it appears that as a practical matter there is no provision for selection of a party nominee to fill a vacancy where the time deadlines set out in the above statutes cannot be met. It would appear that no possibility exists that a county convention held on October 1, 1992, could certify a nominee "45 days" prior to the general election on November 3, 1992.
 4. Specifically, is there any way more than one candidate can get on the general election ballot November 3, 1992?
As set out above in response to your third question, it is my opinion that the answer to this question is "no." It is my opinion that the appropriate method of filling the vacancy in the office of coroner is for the quorum court appointee to hold over until his successor is elected and qualified. See discussion,supra.
 5. If the provisions of A.C.A. § 7-7-104 apply, will you please set out a calendar or events which must take place in order to place the name of a Democratic nominee on the general election ballot?
As set out in response to your third question, it is my opinion that A.C.A. § 7-7-104 would not be applicable in the present instance as the dates relevant to placing a replacement nominee on the ballot would already have passed and thus the provisions of § 7-7-203(k) could not be complied with. See discussion,supra.
 6. What are the procedures for write-in candidates and what is the appropriate time table for qualifying as a write-in candidate?
Arkansas Code Annotated § 7-5-205 addresses write-in candidates and states in relevant part that:
 No votes for write-in candidates in general elections shall be counted or tabulated unless the candidate or his agent shall notify in writing the county board of election commissioners and . . . a county clerk if a candidate for a county . . . office, of his intention to be a write-in candidate not later than sixty (60) days before the opening of the polls.
Accordingly, to qualify as a write-in candidate, one must make the proper notifications not later than sixty days prior to the election.
 7. In the event the Columbia County Democratic Convention does not certify a nominee for the general election November 3, 1992, what alternative does Columbia County have for filling the position of coroner?
As discussed in response to your third question, in my opinion, the quorum court would appoint an individual to fill the vacancy and the appointee would hold over, serving until his successor is elected and qualified. See discussion, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
Enclosure
[1] While A.C.A. § 7-5-103 (1987) suggests that a special election might be called in instances of vacancies in office, the Arkansas Supreme Court's decision in McCraw v. Pate, supra,
specifically states that such a procedure would be inapplicable where the Arkansas Constitution provides for appointment by the Governor to fill vacancies in office pursuant to Amendments 29. This same reasoning applies in the case of a vacancy filled by quorum court appointment under Amendment 55. See Hawkins v.Stover, 274 Ark. 125, 622 S.W.2d 667 (1981).