The Honorable W.R. "Bud" Rice State Representative P.O. Box 2195 Waldron, Arkansas 72958-2195
Dear Representative Rice:
This is in response to your request for an opinion on the following question, which I have restated in part:
 Can a person who was elected to an office at the general election held on November 8, 1994, and has not yet taken the office be appointed to that same office for one (1) month (until the new term begins in January 1995) because of the resignation of the person that currently holds the office?
It is my understanding that the "office" referred to in your question is that of county clerk. In response to your question, it is my opinion that the answer is "yes."
County clerks are designated by the statutes as "county officers." See A.C.A. § 14-14-1301(a)(3). Pursuant to A.C.A. §14-14-1308, a county office is considered vacant if the incumbent in the office resigns. Thus, a vacancy exists in the scenario described in your request. Section 2 of Amendment 29 of the Arkansas Constitution states that "[n]o person appointed under Section 1 shall be eligible for appointment or election to succeed himself." Section 1 of Amendment 29 provides for the Governor's appointment to fill vacancies in all elective county offices. Amendment 55 changed this procedure by substituting the county quorum courts for the Governor as the appointive authority in this regard. As stated in Op. Att'y Gen. No. 89-193, the case of Hawkins v. Stover, 274 Ark. 125, 622 S.W.2d 668 (1981) indicates, however, that the prohibition contained in Section 2 of Amendment 29 continues to apply to persons appointed by the quorum court under Amendment 55 and that, in fact, the legislature has enacted this prohibition under enabling legislation to Amendment 55 (Acts 1977, No. 742, § 51). This provision is codified at A.C.A. § 14-14-1310(a)(2)(E) (1987), which provides:
 SUCCESSIVE TERMS OF APPOINTED OFFICER PROHIBITED. No person appointed to fulfill a vacant or unexpired term of an elective county office shall be eligible for appointment or election to succeed himself.
While it might appear, at first glance, that the above provision would prevent the appointment at issue here, it is my opinion that since the person has already been elected to the office, he would not fall within the scope of the prohibition. Accordingly, it is my opinion that the person referred to in your question may be appointed to fill the vacancy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh