The Honorable Becky Lynn State Representative 105 South 3rd Street Heber Springs, Arkansas 72543-3805
Dear Representative Lynn:
This is in response to your request for an opinion on three questions concerning the filling of vacancies in the office of justice of the peace. You pose the following three questions "according to A.C.A. § 14-14-1310":
 1. Is a Justice of the Peace in the County Quorum Court considered an elective county office or an elective township office;
 2. If the incumbent Justice of the Peace dies, can a close relative of a deceased Justice of the Peace be appointed as the successor in that office; and
 3. In a vacancy in nomination for the office of Justice of the Peace, would the Governor be notified of the intent of the incumbent's political party within five (5) days, and a proclamation calling for a special election, or by a convention of delegates in his or her party?
RESPONSE
In my opinion, in response to your first question, a justice of the peace is a quorum court district officer. Vacancies in such offices are filled by appointment of the Governor. See Op. Att'y Gen. 92-142. In my opinion the answer to your second question is "yes" no state law prohibits the appointment, by the Governor, of a relative of the deceased justice of the peace. In response to your third question, a "vacancy in nomination" in the office of justice of the peace, as opposed to a simple "vacancy" in that office, is filled according to A.C.A. § 7-7-104, which, as you note, involves either a convention of delegates or a special primary election.
Question 1 — Is a Justice of the Peace in the County Quorum Courtconsidered an elective county office or an elective township office?
In my opinion a justice of the peace or quorum court member is properly called a "quorum court district" officer, but for purposes of A.C.A. §14-14-1310, he or she should be considered a "township" officer.
The statute you have referenced, A.C.A. § 14-14-1310, is a part of the "County Government Code" and is entitled "Filing vacancies in elective offices." It provides, with respect to "county elective offices," that the quorum court is to fill these vacancies through resolution as prescribed by law. A.C.A. § 14-14-1310(a)(1). See also Amendment 55, § 4. Another portion of this statute, however, provides that "vacancies in elective township offices, including justice of the peace offices, shall be filled by the Governor." A.C.A. § 14-14-1310(b) (emphasis added). Seealso Op. Att'y Gen. 92-142 (stating that vacancies in the office of justice of the peace are filled by the Governor). The statute was amended in 1985 (see Act 682 of 1985), to add the emphasized language regarding justices of peace. This statute clearly lists justices of the peace as "township officers." This was historically the case, prior to the adoption of Amendment 55 which provided for the drawing of single member quorum court districts from which to elect justices of the peace. See
Amendment 55, § 2(a). See also Op. Att'y Gen. 95-282 ("Justices of the peace were formerly elected by `township' but this procedure has been replaced by the quorum court districts mentioned above.")
Other statutes reflect the fact that justices of the peace are properly characterized as quorum court district, or township officers. Section14-14-604 excludes justices of the peace from the provisions relating to alternative county government organizations because they "are deemed district offices." See also A.C.A. § 14-14-1205, entitled "Compensation of township officers," which sets out the compensation of justices of the peace. Section 14-14-1301, which enumerates "county officers" and "quorum court district and township officers," respectively, clearly places justices of the peace in the latter category. See also generally, A.C.A. § 14-14-1302(b) and § 14-14-1305(b)(1).
In my opinion therefore, justices of the peace, who were historically "township" officers, are now more properly termed "quorum court district officers." Vacancies in such offices are filled by appointment by the Governor in accordance with A.C.A. § 14-14-1310(b) and Amendment 29 to the Arkansas Constitution. See Op. Att'y Gen. 92-142. The appointee serves until the next general election (depending upon when the vacancy occurs, see Amendment 29, § 4) and until his successor is elected and qualified. See Arkansas Constitution art. 19, § 5; McCraw v. Pate,254 Ark. 357, 494 S.W.2d 94 (1973) and Hawkins v. Stover, 274 Ark. 125,622 S.W.2d 667 (1981).
Question 2 — If the incumbent Justice of the Peace dies, can a closerelative of a deceased Justice of the Peace be appointed as the successorin that office?
In my opinion the answer to this question is "yes." No provision of state law prohibits such an appointment.
As noted above, it is the Governor who fills vacancies in the office of justice of the peace. This fact renders inapplicable the prohibition contained in A.C.A. § 14-14-1310(a)(2)(C) against the appointment, by the quorum court, of "[a]ny member of the quorum court [resignation notwithstanding] . . ., [h]usbands and wives of justices of the peace, and the relatives of such justices or their husbands and wives within the fourth degree of consanguinity or affinity. . . ." This prohibition applies only when the quorum court fills a vacancy in a "county elective office." It does not apply when the Governor fills a vacancy in a township or quorum court district office. Additionally, I have found no other prohibition in this regard. Amendment 29 to the Arkansas Constitution prohibits certain persons from being appointed to fill vacancies (see Amendment 29, § 2 prohibiting relations of the Governor, Lieutenant Governor or acting Governor from being appointed to fill certain vacancies), but this provision does not prohibit the appointment of a relation of the deceased incumbent. It is therefore my opinion that the answer to this question is "yes."
Question 3 — In a vacancy in nomination for the office of Justice of thePeace, would the Governor be notified of the intent of the incumbent'spolitical party within five (5) days, and a proclamation calling for aspecial election, or by a convention of delegates in his or her party?
To the extent your question involves a "vacancy in nomination" as defined in A.C.A. § 7-1-101(4), rather than a simple vacancy in office, in my opinion the procedure outlined in A.C.A. § 7-7-104 is the appropriate one, and as you mention, involves, at the option of the state committee of the political party, either a convention of delegates or a special election. This statute does not specify to which offices it applies. It does not mention state, county, district or township offices. It merely states that "[n]ominees of a political party to fill a vacancy in nomination, as defined in § 7-1-101, shall be declared" either by certificate of the chairman and secretary of a convention of delegates, or by special primary election. A.C.A. § 7-7-104(a). The state committee must notify the Governor of its option within five days of receiving notice of the vacancy. A.C.A. § 7-7-104(c).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP: ECW/cyh