The Honorable Robert N. Jeffrey State Representative 1092 Westwood Road Camden, AR 71701-2526
Dear Representative Jeffrey:
I am writing in response to your request for an opinion on the following questions:
 1. County A and County B are contiguous counties. An attorney residing in County B is currently serving as a part-time District Judge in County B, duly elected by the voters of County B. The same attorney is also serving as a part-time District Judge in County A, having been appointed by the Mayor and City Council for over 20 years. During these past 20+ years there has never been a qualified attorney with the legal practice experience to run for the part-time Municipal Judge (now District Judge) position in County A. Assuming that there is still no qualified, licensed attorney with the required four (4) years experience residing in County A prior to January 1, 2005, may the attorney residing in County B and currently serving as the part-time District Judge for Counties B and A, run in 2004 for the part-time District Judge's position in County B and also run for the part-time District Judge's position in County A under Amendment 80?
 2. Does Ark. Op. Att'y Gen. No. 2001-264 indicate that an attorney may be precluded from running for and holding a District Judgeship in two contiguous counties under Amendment 80, Section 16(F) which provides," Circuit, District, and Appellant [sic] Court Judges and Justices shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this state or the United States, except [as] authorized by law."[?]
RESPONSE
In my opinion, the answer to your first question is "yes." Amendment 29, which applies to the position of district judge through Amendment 80, see A.C.A. § 16-17-132(a), precludes only a district judge appointed by thegovernor to fill a vacancy from succeeding himself. However, I assume the judge's appointment as a municipal judge in County A for a period exceeding 20 years was not pursuant to Amendment 29, which authorizes the governor to fill vacancies in various elective offices, but rather pursuant to A.C.A. § 16-17-105(c), which provides:
 When there is a vacancy in the office of municipal judge in an established municipal court by reason of the absence of a qualified attorney residing within the county or by reason of the failure of any qualified attorney to be elected to that office, the governing body of the city in which the municipal court is located is authorized to employ or appoint as judge of the court any qualified attorney residing in any county adjoining the county in which the municipal court is located.[1]
Section 7(D) of Amendment 80 authorizes a district judge to "serve in one or more counties." Section 16(D) of Amendment 80 expressly authorizes a district judge to serve in a county contiguous to the county of his residence if no qualified candidate resides in the contiguous county. In my opinion, nothing would preclude an incumbent municipal judge serving by appointment in a county contiguous to his county of residence pursuant to A.C.A. § 16-17-105(c) from running for election as district judge in the contiguous county so long as no qualified resident of the contiguous county were seeking the position. With respect to your second question, Opinion 2001-264 is consistent with the present opinion in acknowledging that § 16(F) of Amendment 80 will preclude an attorney from serving as a sitting district judge in contiguous counties unless the exception to this proscription set forth in § 16(D) applies.
Question 1: County A and County B are contiguous counties. An attorneyresiding in County B is currently serving as a part-time District Judgein County B, duly elected by the voters of County B. The same attorney isalso serving as a part-time District Judge in County A, having beenappointed by the Mayor and City Council for over 20 years. During thesepast 20+ years there has never been a qualified attorney with the legalpractice experience to run for the part-time Municipal Judge (now DistrictJudge) position in County A. Assuming that there is still no qualified,licensed attorney with the required four (4) years experience residing inCounty A prior to January 1, 2005, may the attorney residing in County Band currently serving as the part-time District Judge for Counties B andA, run in 2004 for the part-time District Judge's position in County Band also run for the part-time District Judge's position in County Aunder Amendment 80?
Under the circumstances as you have described them, I believe the answer to this question is "yes."
Your question implicates several provisions of Ark. Const. amend. 80. Section 7(D) of Amendment 80 provides in pertinent part: "A District Judge may serve in one or more counties." However, § 16 of Amendment 80 further provides in pertinent part:
 (C) District Judges shall have been licensed attorneys of this state for at least four years immediately preceding the date of assuming office. They shall serve four-year terms.
 (D) All Justices and Judges shall be qualified electors within the geographical area from which they are chosen, and Circuit and District Judges shall reside within that geographical area at the time of election and during their period of service. A geographical area may include any county contiguous to the county to be served when there are no qualified candidates available in the county to be served.
* * *
 (F) Circuit, District, and Appellate Court Judges and Justices shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this state or the United States, except as authorized by law.
(Emphasis added.)
In my opinion, section 16(D) clearly qualifies section 7(D) of amendment 80, authorizing service in two counties only if (1) the two counties served are contiguous, (2) the county adjacent to the county from which the judge was elected lacks any qualified candidates and (3) the judge is elected in both counties. See Ark. Op. Att'y Gen. No. 2001-264. Stated differently, although section 7(D) contemplates dual service, the residency restriction set forth in section 16(D) limits such service outside the county of one's residence to a contiguous county that lacks qualified applicants for the judgeship. Moreover, as my predecessor pointed out in the just referenced Opinion 2001-264, section 16(F) of Amendment 80 would preclude a judge from serving in two counties if these two conditions were not met.[2]
I suspect your question reflects some concern arising from the fact that the incumbent judge is currently serving as an appointee in County A — a condition that might prompt one to ask whether the judge is precluded from running in County A by operation of Ark. Const. amend. 29, which provides in pertinent part:
 § 1. Vacancies in the office of United States Senator, and in all elective state, district, circuit, county and township offices except those of Lieutenant Governor, Member of the General Assembly and Representative in the Congress of the United States, shall be filled by appointment by the Governor.
 § 2. . . . No person appointed under Section 1 shall be eligible for appointment or election to succeed himself.
Subsection 16-17-132(a) of the Code, which was enacted asAct 1693 of 2001 in the wake of the adoption of Amendment 80, provides: "A vacancy in a district court judgeship shall be filled in the same manner and subject to the same restrictions as for vacancies under Arkansas Constitution, Amendment 29."[3] Your question suggests a concern that these provisions may preclude an appointed incumbent from seeking election to the district judgeship he currently holds.
In my opinion, the concerns expressed in the preceding paragraph are without foundation. Section 2 of Amendment 29 addresses only the succession in office of individuals appointed to fill vacancies under § 1 of the amendment or under another constitutional provision that is read in conjunction with Amendment 29. See Hawkins v. Stover, 274 Ark. 125,622 S.W.2d 667 (1981) (applying Amendment 29 to the filling of vacancies in elective offices by the quorum court pursuant to Amendment 55). This is not the situation described in your hypothetical. Accordingly, I believe the currently appointed judge in County A could run for that office in 2004 so long as no qualified candidates were available to run in that county.
Question 2: Does Ark. Op. Att'y Gen. No. 2001-264 indicate that anattorney may be precluded from running for and holding a DistrictJudgeship in two contiguous counties under Amendment 80, Section 16(F)which provides, "Circuit, District, and Appellant [sic] Court Judges andJustices shall not be allowed any fees or perquisites of office, nor holdany other office of trust or profit under this state or the UnitedStates, except [as] authorized by law."[?]
As pointed out both in Opinion 2001-264 and in my response to your previous question, unless the conditions set forth at Amendment 80, § 16(D) have been met, § 16(F) will indeed preclude an attorney from running for and holding a district judgeship in two contiguous counties. By its very terms, § 16(F) identifies a district judgeship as "an office of trust or profit," and it prohibits a district judge from holding another such office, including another district judgeship, "except as authorized by law." In stating that a district judge may serve in one or more counties and in defining a judge's "geographical area" of service as comprising two counties under appropriate circumstances, § 16(D) in effect avoids the general proscription against dual service set forth in § 16(F). Having discussed the nature of those circumstances in my response to your previous question, I will not repeat my analysis here.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
Enclosure
[1] As noted in Opinion 98-176, this statute has never been challenged in court and thus is presumptively constitutional. See Urrey Ceramic TileCo. v. Mosley, 304 Ark. 711, 805 S.W.2d 54 (1991). This statute will be repealed as of January 1, 2005.
[2] Section 6 of article 19 of the Arkansas Constitution also forbids holding "more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution." In my opinion, sections 7(D) and 16(D) of Amendment 80, which were adopted later in time and more directly address the issue of dual judicial service, trumps this earlier constitutional provision.
[3] By Act 1185 of 2003, the legislature redesignated this statute as A.C.A. § 16-17-132(c), effective January 1, 2005.