The Honorable David Haak State Representative 9 Wood Place Texarkana, Arkansas 71854-3333
Dear Representative Haak:
I am writing in response to your request for an opinion on several questions concerning a vacancy on a quorum court. You state the following facts and pose the following questions:
 A Miller County Quorum Court member was seeking re-election. He had won his primary election and did not have an opponent in the general election. After his primary win, the Quorum Court member passed away. The Miller County Quorum Court has declared a seat vacant. The Governor will appoint someone to fill the position.
 The questions are as follows: The person that the Governor appoints, will they just serve out this current term with a special election for the upcoming term? Or will the person appointed be able to serve out the remainder of the current term and the upcoming term? If there is a special election, can the person appointed by the Governor run for that term? If there isn't a special election, can the same person be re-appointed by the Governor to fill the upcoming term as well as the current unexpired term?
RESPONSE
The answers to your question must necessarily be contingent without access to some missing information, namely, whether procedures were invoked to fill the "vacancy in nomination" and when the vacancy occurred. The answer to your first and second questions may depend upon these variables. There is a procedure to fill a "vacancy in nomination" which may, at the party's option, involve either a convention of delegates or a special primary election. It appears from the facts you have relayed that this procedure might have been but apparently was not employed in this instance. There is no provision for a special election to fill the office generally (where both parties may put forth candidates), as opposed to filling the vacancy in nomination. The office is filled by appointment of the Governor. The question of how long the gubernatorial appointee serves ordinarily depends upon whether the office would in regular course be filled at the next general election and if not, when the vacancy occurred in relation to the general election. In this instance the office would ordinarily be filled at the general election in 2004 (quorum court members are elected every two years), but because the vacancy in nomination was apparently not filled and no candidate was elected by virtue of the November 2004 election, in my opinion the Governor's appointee continues to serve until January 1, 2007, at which time the person elected at the November 2006 election will take office. It is therefore my opinion, assuming these are the pertinent facts, that the answer to your first question is "no," the appointee does not merely serve out the current term with a special election for the upcoming term. The answer to your second question is "yes," the appointee serves both the unexpired portion of the current term and the upcoming term. To the extent your third question inquires about a special election to fill the vacancy in office, as opposed to the vacancy in nomination, an answer is unnecessary because such a special election is not authorized. The office is filled by gubernatorial appointment. I will note, however, that the appointee will be ineligible to succeed himself in the 2006 primary and general elections. In response to your fourth question, assuming the "vacancy in nomination" was not filled, there is no need to "re-appoint" the same person to fill the vacancy for the upcoming term. In my opinion the appointee will serve through the upcoming term and until his successor is elected and qualified.
Question 1 — The person that the Governor appoints, will they just serveout this current term with a special election for the upcoming term?
It is necessary as an initial matter to point out some missing facts that may impact the answer to this question. First, you have not indicated that any "vacancy in nomination" was declared in order to fill the void left in candidacy by the quorum court member's death. I am not certain whether the "special election" about which you inquire refers to a special primary to fill such a vacancy in nomination or to some other type of a "special election" to fill the vacancy in office. The former is expressly provided for by law. The latter is not. Second, you have not indicated when the vacancy occurred. You have not stated on what date the candidate died or when the quorum court declared the position vacant. Each of these variables may affect the answer to your first question.
There is a procedure for filling a "vacancy in nomination," a circumstance which appears to have occurred in this instance. A "vacancy in nomination" is defined as "the circumstances in which the person whoreceived the majority of votes at the preferential primary election orgeneral primary election cannot accept the nomination due to death or notifies the party that he or she will not accept the nomination due to serious illness, moving out of the area from which the person was elected as the party's nominee or filing for another office preceding the final date for certification of nominations." A.C.A. § 7-1-101(24) (Supp 2003) (emphasis added). You state that the individual in question received the majority of votes at the primary election and that he died after that election. A "vacancy in nomination" therefore existed. The procedure for filling a vacancy in nomination is either by convention of delegates or by special primary election at the option of the affected political party. See A.C.A. § 7-7-104(a). The relevant statute provides for notifying the Governor within five days after the date of death, as follows:
 (c) When a vacancy in nomination occurs as a result of death or when the person who received the majority of votes cast at the preferential primary election or the general primary election notifies the state committee of the political party of his or her intent to refuse nomination due to serious illness, moving out of the area from which elected as the party's nominee, or filing for another office, the state committee of the political party shall notify the Governor within five (5) days after the date of death or the date the party was notified of intent to refuse nomination as to whether the party chooses to fill the vacancy in nomination at a special election or a convention.
 (d) If the party fails to notify the Governor within the five-day period, the vacancy in nomination shall not be filled nor shall the vacancy in nomination be filled if it occurred for any reason other than death, serious illness, the candidate's moving out of the area from which elected as the party's nominee, or filing for another office.
A.C.A. § 7-7-104(c) and (d) (Repl. 2000) (emphasis added).
I assume, because you do not mention any process to fill the "vacancy in nomination," that the Governor was not notified under the statute or that no measures were taken to fill the vacancy in nomination. If such measures had been taken, in my opinion the person appointed by the Governor would serve through only the unexpired term and the person selected or elected to fill the vacancy in nomination, because unopposed in the general election, would serve during the upcoming term beginning January 1, 2005. If such measures were not taken, however, it is necessary to determine under other relevant law how long the Governor's appointee will serve.
Because of the death of the incumbent quorum court member, there is a vacancy in the current term which ends January 1, 2005. As you note, the Governor will appoint someone to fill the existing quorum court vacancy. This is in accordance with Arkansas Constitution, Amendment 29, § 1 and A.C.A. § 14-14-1310(b), which provide, respectively, as follows:
 Vacancies in the office of United States Senator, and in all elective state, district, circuit, county, and township offices except those of Lieutenant Governor, Member of the General Assembly and Representative in the Congress of the United States, shall be filled by appointment by the Governor.
* * *
 (b) Elective Township Offices. All vacancies in elective township offices, including justice of the peace offices, shall be filled by the Governor.
Each of these provisions refers to "township offices." Quorum Court members, also know as "justices of the peace" formerly were elected from townships and are now elected by specially drawn quorum court districts.See Ops. Att'y Gen. 99-009 and 92-142. Vacancies in these offices are filled by appointment of the Governor under Amendment 29 and A.C.A. §14-14-1310(b). Id.
Section 4 of Amendment 29 governs how long the appointee serves. It provides as follows:
 The appointee shall serve during the entire unexpired term in the office in which the vacancy occurs if such office would in regular course be filled at the next General Election if no vacancy had occurred. If such office would not in regular course be filled at such next general election the vacancy shall be filled as follows: At the next General Election, if the vacancy occurs four months or more prior thereto, and at the second General Election after the vacancy occurs if the vacancy occurs less than four months before the next General Election after it occurs. The person so elected shall take office on the 1st day of January following his election.
You have not stated when the vacancy occurred, noting only that "[a]fter his primary win, the Quorum Court member passed away." Under the language of the first sentence of Amendment 29, § 4 if the office "would in regular course be filled at the next General Election if no vacancy had occurred" the gubernatorial appointee serves during the "entire unexpired term in the office." Quorum Court members serve two-year terms and thus face election at each general election in November. See A.C.A. §14-14-1302(b). As a consequence, if a vacancy occurs during the two-year term, the office would in regular course be "filled at the next General Election." It appears then, that the first sentence of Amendment 29, § 4 is the operative provision.[1] Under this provision, after a normal vacancy in a quorum court office, the Governor's appointee would serve only until January 1, 2005 and the office would be filled at the November 2004 election for the term beginning January 1, 2005. In the facts you describe, the incumbent nominee's death occurred after the election process to fill the office for the upcoming term had already begun. At first blush, the first sentence of Amendment 29, § 4 does not appear to contemplate the circumstance where an office would in regular course be filled at the next general election, but the vacancy occurs in the middle of the election cycle or too close in time to the general election to be filled thereat. It may be argued, however, that this portion of Amendment 29 does not need to contemplate this occurrence. If a vacancy in an office with a two-year term occurs close in time to the general election, the vacancy would only need to be filled temporarily by the Governor, with the ongoing election procedure supplying a new office holder to take office in January. Where there is a death of the unopposed nominee in the electoral process, the statutory "vacancy in nomination" procedure is the appropriate method in such circumstance. If this process was not invoked and the general election consequently does not supply an officeholder to take office in the upcoming term, I can only conclude that the Governor's appointee also serves for the duration of the upcoming term. This conclusion is compelled by another provision of the constitution, Article 19, § 5, which provides that "[a]ll officers shall continue in office after the expiration of their official terms, until their successors are elected and qualified." See also, McCraw v. Pate,254 Ark. 357, 494 S.W.2d 94 (1973) (gubernatorial county sheriff appointee appointed in December of current term after December death of sheriff-elect should continue to serve through upcoming term and until his successor was elected and qualified); and Op. Att'y. Gen. 92-291.
Question 2 — Or will the person appointed be able to serve out theremainder of the current term and the upcoming term?
In my opinion the answer to this question, assuming the procedure for filling the "vacancy in nomination" was not invoked, is "yes."
Question 3 — If there is a special election, can the person appointed bythe Governor run for that term?
As noted above, although a special primary election might have been held to fill the "vacancy in nomination," no special election is authorized to fill the vacant quorum court office. See generally, McCraw v. Pate,254 Ark. 357, 494 S.W.2d 94 (1973) (striking down a statute providing for special elections to fill vacancies in elective county offices as violative of Amendment 29, § 4); and Hawkins v. Stover, 274 Ark. 125,622 S.W.2d 667 (1981) (striking down, under Amendments 29 and 55, a statute authorizing quorum courts to call special elections to fill vacancies in the office of county judge). I will note, however, that the gubernatorial appointee will be ineligible to succeed himself at the November 2006 election by virtue of Amendment 29, § 2, which provides that "[n]o person appointed under Section 1 shall be eligible for appointment or election to succeed himself."
Question 4 — If there isn't a special election, can the same person bere-appointed by the Governor to fill the upcoming term as well as thecurrent unexpired term?
Based upon the foregoing discussion, there will be no need for a "re-appointment" by the Governor for the upcoming term. Assuming the vacancy in nomination was not filled, the appointee holds over under Article 19, § 5 until his successor is elected and qualified.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The second sentence of Amendment 29 § 4 applies only to offices that would not in regular course be filled at the next general election. This second sentence therefore applies only to offices with terms longer than two years. It provides for filling a vacancy at an earlier general election than the office would in regular course be filled, depending on the proximity of the vacancy to the general election. The first sentence of Amendment 29, § 4, on the other hand, applies to vacancies in any office, regardless of term length, that would in regular course be filled the next occurring general election.