The Honorable Steve Harrelson State Representative 1206 North State Line Avenue Texarkana, Arkansas 71854-4969
Dear Representative Harrelson:
I am writing in response to your request for an opinion on whether a circuit clerk appointed by the quorum court to fill a vacancy in that office after the death of the incumbent clerk can run for "re-election" to succeed herself as circuit clerk.[1]
RESPONSE
In my opinion the answer to your question is "no," such person is not eligible for election to succeed herself.
The issue is governed by A.C.A. § 14-14-1310(a), which provides in pertinent part as follows:
 (a)(1) County Elective Offices. Vacancies in all county elective offices shall be filled by the county quorum court through the process of resolution as prescribed by law.
 (2) Eligibility Requirements and Term of Office. (A) Qualifications. All officers appointed to fill a vacant county elective office shall meet all of the requirements for election to that office.
* * *
 (E) Successive Terms of Appointed Officer Prohibited. No person appointed to fulfill a vacant or unexpired term of an elective county office shall be eligible for appointment or election to succeed himself.
(Emphasis added).
This statute is consistent with Arkansas Constitution, Amendment 29, § 2, which provides that: "No person appointed under Section 1 [of Amendment 29] shall be eligible for appointment or election to succeed himself." This provision of Amendment 29 applies even though the clerk in question was appointed by the quorum court under Arkansas Constitution, Amendment 55, § 4 (authorizing the quorum court to "fill vacancies in elective county offices") and not by the Governor under Amendment 29, § 1. As stated in Opinion 1999-242:
 . . . with regard to county offices, Amendment 55 to the Arkansas Constitution has substituted the quorum court for the Governor as the appointing authority for county elective offices. Hawkins v. Stover, 274 Ark. 125, 622 S.W.2d 668 (1981). With regard to county offices, however, the constitutional impediment of Amendment 29, § 2 against succeeding oneself in office remains.
Id. at 2.
The court in Hawkins v. Stover, supra stated that: "Arkansas Constitution Amendment 29, generally, provides for the filling of vacancies in elective county offices. Amendment 55 changes this procedure only to the extent that the quorum court is substituted for the governor as the appointive authority." The court also stated that: "It is clear that Amendment 55, when read in conjunction with Amendment 29, is complete and self executing as to the manner of filling vacancies in county offices. . . ."Id. at 126. This holding renders applicable Section 2 of Amendment 29, which in addition to A.C.A. § 14-14-1310(a)(2)(E), prohibits an appointed county officer from succeeding herself in office.
In my opinion, therefore, the answer to your question is "no," the clerk is not eligible to succeed herself.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Your request indicates that you are enclosing a "certificate" from Governor Mike Huckabee appointing the clerk "to Justice of the Peace." The document you have enclosed in this regard is the "commission" of the individual in question as "Justice of the Peace." See Arkansas Constitution, art. 6, § 10
and A.C.A. §§ 21-2-101 to -104 (Repl. 2004). It is my understanding, however, that this is a typographical error and that this document should commission the individual to "circuit clerk."