Sheriff John Montgomery, Chair Sheriffs for Four-Year Terms Committee 1706 Ashbriar Drive Mountain Home, Arkansas 72653 Dear Sheriff Montgomery:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. Your popular name and ballot title are as follows:
 Popular Name FOUR-YEAR TERMS OF OFFICE FOR COUNTY SHERIFFS, COUNTY JUDGES, COUNTY CLERKS, CIRCUIT CLERKS, COUNTY TREASURERS, COUNTY COLLECTORS OF TAXES, COUNTY ASSESSORS, COUNTY CORONERS, COUNTY SURVEYORS, AND CONSTABLES Ballot Title A CONSTITUTIONAL AMENDMENT CHANGING THE TERM OF OFFICE FOR COUNTY SHERIFFS, COUNTY JUDGES, COUNTY CLERKS, CIRCUIT CLERKS, COUNTY TREASURERS, COUNTY COLLECTORS OF TAXES, COUNTY ASSESSORS, COUNTY CORONERS, COUNTY SURVEYORS, AND CONSTABLES FROM THE CURRENT TWO (2) YEARS TO FOUR (4) YEARS; MAKING THE AMENDMENT APPLICABLE TO COUNTY SHERIFFS, COUNTY JUDGES, COUNTY CLERKS, CIRCUIT CLERKS, COUNTY TREASURERS, COUNTY COLLECTORS OF TAXES, COUNTY ASSESSORS, COUNTY CORONERS, COUNTY SURVEYORS, *Page 2 
AND CONSTABLES WHO ARE ELECTED AT THE 2010 REGULAR ELECTION AND THEREAFTER; AND REPEALING ALL PROVISIONS OF THE ARKANSAS CONSTITUTION IN CONFLICT WITH THE AMENDMENT.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. *Page 3 Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277,285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. Some changes or additions to your popular name and ballot title may be necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b). *Page 4 
Your proposed measure is ambiguous in that it fails to address the question of what would be the term of office of an individual elected to fill a vacant office. Your proposed ballot title is unambiguous in straightforwardly declaring that the terms of the recited offices will be extended as of 2010 from two to four years. However, the text of your measure, rather than simply reciting what will be the terms of the various recited offices, declares that "[e]very person" elected to those offices shall serve a term of four years. Currently, Amendment 29 to the Arkansas Constitution, which governs the filling of vacancies in the offices included in your measure, [1] provides that under specified circumstances those vacancies will be filled by the election of an individual to serve the remainder of the unexpired term. Ark. Const. amend. 29, § 4. See Op. Att'y Gen. No. 92-242 (interpreting Amendment 29, § 4 in this manner). It is unclear whether you intend your measure simply to change the terms of the specified offices from two to four years or whether you intend for every individual elected to any of these offices, including those elected in midterm because of a vacancy, to serve a complete four years. Stated differently, it is unclear whether you mean to ensure that any election for any of the recited offices, regardless of whether it is conducted midterm because of a vacancy, will trigger the commencement of a new four-year term. Without clarification of this issue in the text of your measure, I am unable to summarize your proposal in a ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure *Page 5 
on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34
(1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376
(2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons there for, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Amendment 55 to the Arkansas Constitution changed Amendment 29 only to the extent that the quorum court is substituted for the governor as the appointing authority. See Hawkins v. Stover, 274 Ark. 125, 126,622 S.W.2d 667 (1981).

 *Page 1